(30 Misc. Rep. 283.)

### PEOPLE v. DWYER.

(Court of General Sessions, New York County. January, 1900.)

CRIMINAL LAW—NEW TRIAL—EXECUTION OF SENTENCE—NEWLY-DISCOVERED EVIDENCE.

Where one was convicted, sentenced, and the sentence fully executed, and a year has expired within which, by Code Cr. Proc. § 466, an application for a new trial on account of newly-discovered evidence may be made in pursuance of section 465, subd. 7, an application under such subdivision will be denied, without prejudice, however, to an application on the same grounds to the executive for a full pardon removing disabilities and restoring civil rights.

William Dwyer was convicted, sentenced, and served out his imprisonment for an assault and oppression, and he moves to set aside the judgment and for a new trial. Denied.

Abram I. Elkus and Francis P. Garvan, for the motion.
Charles E. Le Barbier, opposed.

McMAHON, J. This is an application made by the defendant for an order setting aside the judgment and conviction herein, and directing a new trial. On March 16, 1894, the defendant, William Dwyer, then a member of the New York police force, was tried and convicted, before Hon. Rudolph B. Martine and a jury, and sentenced to imprisonment for two months under an indictment charging assault in the third degree and oppression. No appeal was taken, and the defendant served out his imprisonment. Because of his conviction and sentence, it is understood that he was dismissed from the police force.

Application is now made for a new trial, first, "upon the broad ground of newly-discovered evidence showing a conspiracy formed and carried out by the complainant herein and all the witnesses for the prosecution," and on the further ground that two of the witnesses, under dates of September 24, 1898, and September 30, 1898, have sworn that their testimony against the defendant on the trial was false in material statements. Their affidavits accompany the papers. Another affidavit is filed by a person who corroborates the more recent statement of these witnesses, but who was not called on the trial. Other witnesses were examined on the trial

496

63 NEW YORK SUPPLEMENT    (Gen. Sess.
and 97 New York State Reporter.

whose statements do not appear on this application. Without at all going into the merits of the case, it is sufficient, for the purposes of this motion, to refer to the provisions of the Code of Criminal Procedure regulating the practice. Section 466 of the Code of Criminal Procedure reads as follows:

"The application for a new trial must be made before judgment, except an application made under subdivision seven of section four hundred and sixty-five, which may be made at any time within one year, and except in case of a sentence of death, when the application may be made at any time before execution. * * *"

This application is made under subdivision 7 of section 465 of the Code of Criminal Procedure, but was not made within a year. It is not clear that the facts presented in the petition would bring the case within this subdivision, which reads as follows:

"When it is made to appear, by affidavit, that, upon another trial, the defendant can produce evidence such as, if before received, would probably have changed the verdict; if such evidence has been discovered since the trial, is not cumulative; and the failure to produce it on the trial was not owing to want of diligence. The court in such cases can, however, compel the personal appearance of the affiants before it for the purposes of their personal examination and cross-examination, under oath, upon the contents of the affidavits which they subscribed."

It is urged that the petition should be granted in the interests of justice, as it is necessary to enable the defendant to right the alleged wrong and to obtain his reinstatement on the police force. As to the contention that the court, in its general powers and in the interests of equity, should order a new trial, it is enough to say that, if the papers presented in support of the motion are sufficient to prove that the conviction was erroneous, the relief sought for can be as well obtained by application to the executive for a full pardon, removal of disabilities, and restoration of civil rights. The same facts that would move the court to order a new trial would certainly influence the decision of the governor, and thereafter the action of the police board. It is to be noted that the sentence in this case has been fully executed, and it is not in the power of any court to alter that fact, or to undo what has been done in that particular, and it is a settled principle that a court will not engage in a proceeding or occupy its time in the consideration of a case wherein it can afford no possible relief.

If a new trial were granted and a new conviction had, the court certainly could not, in justice, impose another sentence. If an acquittal were had, the court is powerless to undo the fact that the defendant has already served out his sentence. The provision in the Code limiting the time in which a new trial may be ordered is certainly a wise one. To order a new trial after a lapse of years, particularly when a sentence has been fully executed and when witnesses have disappeared or may be dead, and upon affidavits of certain of the witnesses that they deliberately committed perjury, would certainly be against public policy, and make litigation everlasting. The motion for a new trial is therefore denied, but, of course, without prejudice to an application on the merits and the facts to the executive of the state.

Motion denied, without prejudice.