(49 Misc. Rep. 72.)

PEOPLE ex rel. JEROME, Dist. Atty., v. GOFF et al.*

(Supreme Court, Special Term, New York County. December, 1905.)

PROHIBITION, WRIT OF—WHEN ISSUES.
    Code Cr. Proc. § 466, provides that, except when made on newly discovered evidence, a motion for new trial must be made before judgment. *Held*, that a writ of prohibition will not issue to the Court of General Sessions, commanding it to desist from any proceedings on a motion for new trial made after conviction of a misdemeanor, as the Court of General Sessions will be presumed to construe the section correctly.

Application by the people, on the relation of William Travers Jerome, district attorney of New York county, for writ of prohibition to John W. Goff, recorder, and John Blake. Writ denied.

---

*For opinion in Appellate Division, see 98 N. Y. Supp. 557.

William Travers Jerome, Dist. Atty., for the relator.

Osborne, Hess & Churchill (James W. Osborne, of counsel), for respondents.

FITZGERALD, J.   Relator (the district attorney of the county of New York) applies for an absolute writ of prohibition commanding respondents (the Court of General Sessions and the recorder of the county of New York) "to desist and refrain from any further proceedings upon or under the motion made for a new trial by defendant John Blake."   It appears that defendant (Blake) was convicted of a misdemeanor upon a trial in Part I of the Court of General Sessions during the November term, and it is conceded that the indictment upon its face establishes the fact that the prosecution of the act charged was barred by the statute of limitations.   Code Cr. Proc. § 142. The attention of the trial court had not been called to this fact until after sentence had been pronounced and the part had adjourned sine die.   A motion for a new trial was made in the Court of General Sessions, the same judge presiding, upon notice to the district attorney, and its consideration was objected to upon the ground that that court had lost all jurisdiction over its judgment, except to the extent of the power reserved by the statute for the granting of new trials upon the ground of newly discovered evidence.   Notwithstanding this objection, the learned recorder proceeded to hear argument and adjourned the matter to a future time, with leave to counsel to submit further papers.   Prior to the adjourned day an alternative writ of prohibition was issued out of this court, upon the application of relator, who now seeks a writ absolute.

Section 465 of the Code of Criminal Procedure confers upon the court in which a trial has been had power to grant a new trial upon various grounds, but the following section (466) provides that, except when made upon the ground of newly discovered evidence, the application must be made before judgment.   Not always is the word "must" to be construed as mandatory.   It has been construed as directory only. Matter of Hennessy, 164 N. Y. 393, 58 N. E. 466.   The case of People, etc., v. Wooten, Criminal Term, Supreme Court, First Department (not reported), to which my attention has been called, appears to be an authority for the converse of the proposition for which the relator now contends.   True in that case the term had been continued; but, if the strict construction now urged should be upheld, jurisdiction became exhausted upon the recording of the judgment, and an order made thereafter continuing the term could not revive a power already extinct. It was said in Appo v. People, 20 N. Y. 531, that the court does not become functus officio as to a particular case whenever sentence has been pronounced.   Uniformity of practice is essential to the due administration of justice, and deviations therefrom are not only confusing and misleading, but it is obvious that these are among the slightest and least harmful of possibly resultant evils.   The allowance of the remedy is largely discretionary, and, as in all other matters concerning prerogative writs, the power should be used with great caution and forbearance.   "The writ of prohibition is an extraordinary remedy, and should be issued only in cases of extreme necessity."   People ex rel. Burbank v. Wood, 21 App. Div. 245, 47 N. Y. Supp. 676.   The construction of

section 466 of the Criminal Code is properly before the Court of General Sessions, which court, it must be presumed, will construe it correctly. In State v. Price, 8 N. J. Law, 358, the writ was refused to restrain the Quarter Sessions from granting a new trial to defendant after the entry of final judgment of conviction. Applying the common-law rule that the issuance of the writ is not a matter of right, but rests in the sound discretion of the court to the facts presented upon this application, I have reached the conclusion that absolute prohibition cannot be granted, and that the alternative writ heretofore allowed must be vacated.

Settle order on notice.