(112 App. Div. 424)

**PEOPLE ex rel. JEROME, Dist. Atty., v. COURT OF GENERAL SESSIONS OF THE PEACE et al.**

(Supreme Court, Appellate Division, First Department. April 20, 1906.)

1. CRIMINAL LAW—NEW TRIAL—MOTION AFTER JUDGMENT—POWER OF COURT.

Code Cr. Proc. § 462, declares that a new trial is a re-examination of the issue in the same court before another jury after a verdict has been given. Section 463 provides that a new trial can be granted by the court in which the former trial was had only in the cases provided in section 465. Section 465 provides that: "The court in which a trial has been had upon an issue of fact has power to grant a new trial, where a verdict has been rendered against the defendant, by which substantial rights have been prejudiced, upon his application in the following cases: * * * (6) Where the verdict is contrary to law or clearly against evidence. (7) Where it is made to appear, by affidavit, that upon another trial the defendant can produce evidence such as, if before received, would probably have changed the verdict * * *." Section 466 provides that the application for a new trial must be made before judgment, except an application made under subdivision 7 of section 465, which may be made at any time within one year, and except in case of a sentence of death, when the application may be made at any time before execution. *Held*, that the Court of General Sessions has no power after judgment to grant a new trial in a criminal case except on the ground of newly discovered evidence.

[Ed. Note.—For cases in point, see vol. 15, Cent. Dig. Criminal Law, §§ 2349–2355.]

2. PROHIBITION—SUPREME COURT—POWERS.

Under the express provisions of Code Civ. Proc. § 2092, the special term of the Supreme Court has power to issue an alternative writ of prohibition to the Court of General Sessions.

3. SAME—WHEN GRANTED—REMEDIES.

A writ of prohibition is the appropriate remedy when a court is about to exercise a power it does not possess.

[Ed. Note.—For cases in point, see vol. 40, Cent. Dig. Prohibition, §§ 37–39.]

4. SAME.

As under Code Cr. Proc. § 518, the people have no right of appeal from an order granting a new trial in a criminal case, the writ of prohibition was properly asked where the court in a criminal case improperly granted a motion for a new trial made after judgment.

Appeal from Special Term, New York County.

Application by the people, on the relation of William Traverse Jerome, District Attorney, for a writ of prohibition against the Court of General Sessions of the Peace, etc., and others. From a judgment vacating an alternative writ of prohibition, and denying an application for an absolute writ (98 N. Y. Supp. 66), the relator appeals. Reversed, and motion for issuance of an absolute writ granted.

Argued before O'BRIEN, P. J., and PATTERSON, INGRAHAM, LAUGHLIN, and CLARKE, JJ.

Robert C. Taylor, for appellant.

James W. Osborne (Osborne, Hess & Churchill, of counsel), for respondent.

CLARKE, J. One John Blake was convicted in part I of the General Sessions before the learned recorder on November 29, 1905, upon

an indictment found May 25, 1904, for selling an article under a false label. Motions for a new trial, in arrest of judgment, and for a certificate of reasonable doubt were on said November 29th made, denied, and exceptions taken, and the defendant was thereupon sentenced to three months in the penitentiary, and thereafter said part I was adjourned sine die. Subsequently motion papers were served upon the district attorney for a new trial and an arrest of judgment, and for an order vacating and setting aside the verdict and the judgment of conviction entered thereon, upon the ground, inter alia, that it affirmatively appeared upon the face of the indictment and also by the testimony upon the trial that the offense upon which the defendant was convicted was charged to have been committed on May 12, 1902, and that it appeared by the record of the court that the indictment was not found or filed until May 25, 1904; a period of more than two years after the commission of the alleged offense, and after the statute of limitations had run and attached against the said offense. Notwithstanding the objections of the district attorney that after judgment the court had no power to entertain the motion for a new trial, the learned recorder proceeded to hear argument and take the matter under consideration. Before a decision had been handed down, the district attorney obtained from the Special Term of the Supreme Court an alternative writ of prohibition, addressed to the Court of General Sessions, the recorder, and the defendant, restraining them from further proceedings upon said motion for a new trial, and directing the respondents to show cause upon a day certain why an absolute writ should not issue. Upon the return of said alternative writ, the Special Term made an order vacating said writ, and denying the absolute writ of prohibition, from which order the district attorney appeals to this court.

The subject of writs of prohibition has been so fully discussed in Quimbo-Appo v. People, 20 N. Y. 531, and in the recent case of People ex rel. Hummel v. Davy, 105 App. Div. 598, 94 N. Y. Supp. 1037, affirmed 184 N. Y. 30, 76 N. E. 732, that it seems unnecessary to consider further the origin, history, or limitations generally of said writ. The important question involved in this appeal—important not only to the people and the defendant in the case under consideration, but of far-reaching importance in the administration of criminal law—is, has the Court of General Sessions power after judgment to grant a new trial in a criminal case except upon the ground of newly discovered evidence? The leading case of Quimbo Appo v. People, supra, is confidently cited by counsel for appellant and respondent alike. That case was decided by the Court of Appeals in 1860. Quimbo Appo had been convicted of murder in the first degree at a term of the court of oyer and terminer held in the county of New York in April, 1859, and the court had adjourned sine die on the 16th of June, 1859. In the following October, at a succeeding term held before another judge, Appo made a motion for a new trial upon the ground of newly discovered evidence. The district attorney denied the power of the court to entertain or grant such a motion, and declined to answer it on the merits. The court affirmed its power, and announced its intention to grant the motion. The district attorney sued out an alternative writ of prohibition,

which the General Term subsequently made absolute. Judge Selden in the Court of Appeals, affirming the writ, said:

"It becomes necessary, therefore, to pass upon the question whether courts of oyer and terminer in this state have authority to grant a new trial upon the merits in a capital case."

After a review of the cases in England and in this state, the learned judge proceeded:

"It is not controlled by any statute, and hence what we are called upon to decide is whether, by the common law, courts of oyer and terminer have the power to grant new trials upon the merits after conviction in a capital case. * * * The subject, taken as a whole, can only be adequately dealt with by the Legislature, to which it appropriately belongs, and I am entirely opposed to so obvious a stretch of judicial power as would be involved in holding that the courts of oyer and terminer, without the aid of any statute, possess a control over convictions for crime which it is conceded was never possessed by the highest common-law courts in England."

Judge Clarke, concurring, said:

"I place my opinion, therefore, on the ground, not merely that a court of oyer and terminer has no power to grant a new trial when the verdict has been rendered at a previous oyer and terminer, but that no court has power in cases of felony to grant a new trial on the merits under any circumstances."

Therefore, what was decided was that in the absence of a statute the court in cases of felony had no power to grant a new trial, and that the issuance of a writ of prohibition was proper to prevent the exercise of such power. The court also pointed out that the subject could be adequately dealt with by the Legislature. Since that decision the subject has been so dealt with by the Legislature in sections 462–466 of the Code of Criminal Procedure.

In People v. Hovey, 92 N. Y. 554, Chief Judge Ruger said:

"The general object and design of the Code of Criminal Procedure was to collect the various statutes relating to the subject, and to furnish a uniform, harmonious, and comprehensive system of criminal practice, to apply to and govern all criminal proceedings thereafter instituted in any of the courts of the state."

In People v. Bissert, 71 App. Div. 118, 75 N. Y. Supp. 630, affirmed 172 N. Y. 643, 65 N. E. 1120, Mr. Justice McLaughlin, after citing the Hovey Case and People v. Jaehne, 103 N. Y. 182, 8 N. E. 374, said:

"And independent of the construction put upon the Code by the Court of Appeals, the slightest consideration of the various sections of it is sufficient to indicate that it was intended by the Legislature that this Code was to take the place of, and be substituted for, all of the statutes of the state bearing upon the subject; to which end provisions were made for every necessary step to be taken in every criminal case, commencing with the formation of a grand jury, leading up to a trial, conviction, sentence, and discharge of a defendant."

In People v. Glen, 173 N. Y. 395, 66 N. E. 112, Judge Werner, in discussing section 313 of the Code of Criminal Procedure, regulating motions to set aside indictments, referred to the fact that from time immemorial common-law courts had quashed indictments on motion for defects in form and other irregularities, but added:

"Such matters are now regulated by the provisions of the Code of Criminal Procedure, and, however inconvenient or even oppressive they may appear

to be in specific cases, the courts must apply them as best they can, for they embody the command of the law-making power in matters wherein its fiat is supreme and final."

We have, then, the authority of the Court of Appeals that prior to the statute there existed no power in the court to grant a new trial on the merits after conviction of a felony for any reason, and that now the statute is imperative and controlling on all matters of criminal procedure.

We now examine the statute. Section 462 of the Code of Criminal Procedure provides that:

"A new trial is a re-examination of the issue in the same court before another jury, after a verdict has been given."

Section 463 provides that a new trial can be granted by the court in which the former trial was had only in the cases provided in section 465. Section 465 provides that:

"The court in which a trial has been had upon an issue of fact has power to grant a new trial, where a verdict has been rendered against the defendant, by which substantial rights have been prejudiced, upon his application in the following cases: * * * (6) Where the verdict is contrary to law or clearly against evidence. (7) Where it is made to appear, by affidavit, that upon another trial the defendant can produce evidence such as, if before received, would probably have changed the verdict. * * *"

Section 466 provides that:

"The application for a new trial must be made before judgment, except an application made under subdivision 7 of section 465, which may be made at any time within one year, and except in case of a sentence of death, when the application may be made at any time before execution. * * *"

In the case at bar the application was not under subdivision 7 upon the ground of newly discovered evidence, and was made after judgment and not before. The learned judge at Special Term in his opinion herein said: "Not always is the word 'must' to be construed as mandatory." That is quite true, but considering the history of these provisions, the prior state of the law, and that new trials in criminal cases are permissible by statute only, it seems to me that the words are too plain and imperative to permit of such construction. It is like a statute of limitations. If the motion for a new trial "may" be made after judgment, "may" a motion upon the ground of newly discovered evidence other than capital be made after a year? If not, why not? When the statute was first passed the provision for the motion upon the ground of newly discovered evidence was also required to be made before judgment; the extension for one year having been inserted by chapter 534, p. 665, of the Laws of 1887, to take effect on June 6th of that year. Before said amendment, Judge Andrews said, in People v. Bradner, 107 N. Y. 1, 13 N. E. 87:

"The defendant, after judgment, applied to the trial court to vacate the judgment, to enable him to move for a new trial on the ground of newly discovered evidence. The court denied the motion, on the ground that it had no power to grant the same. The power of a trial court to grant a new trial, given by section 463 of the Code of Criminal Procedure, is qualified by section 466, which declares that the application for a new trial must be made before judgment. The affidavits upon which the motion was made did not make a case upon which, within the established rule, a new trial could be granted."

We are therefore of the opinion that the statute means what it says, and that there is no room for construction. If it were decided otherwise, a new opportunity would be afforded to invite the law's delay. In the case at bar the question of the statute of limitations can be raised and disposed of upon the appeal from the judgment, and it appears from the record that a certificate of reasonable doubt has already been issued and the defendant admitted to bail, so that no great hardship to the defendant clamors for a relaxation of the law for the benefit of an individual, and against the public interest. The Special Term of the Supreme Court had power to issue the writ of prohibition to the General Sessions. Section 2092, Code Civ. Proc. It is the appropriate remedy when a court is about to exercise a power it does not possess. The General Sessions had no power to grant the motion for a new trial made after judgment. The writ was properly asked for because the people have no right of appeal from an order granting a new trial in a criminal case. Section 518, Code Cr. Proc.

If I am right in my view of the law, it follows that the order appealed from should be reversed, and the motion for the issuance of an absolute writ granted. All concur.