# SUPREME COURT — APPELLATE DIVISION — SECOND DEPARTMENT.

## June 25, 1920.

## THE PEOPLE v. PELLIGRINO MORANO.

### (192 App. Div. 432.)

MURDER—CONSPIRACY—EVIDENCE JUSTIFYING CONVICTION—CREDIBILITY OF WITNESSES WHO TURN STATE'S EVIDENCE—EVIDENCE OF OTHER CRIMES.

Appeal from a judgment convicting the defendant of murder in the second degree for taking part in a conspiracy to exterminate a rival band

of persons engaged in blackmail and other crimes. The homicide was the result of a fusilade fired by several persons when the defendant was not present. On all the evidence, *held,* that the judgment of conviction should be affirmed.

Although the prosecution depended largely upon the testimony of persons who turned State's evidence, their credibility was a question for the jury.

*Held, further, that* the judgment of conviction shall not be reversed upon the ground that the prosecution was allowed to give evidence of and prove various other crimes that the defendant committed or was connected with.

APPEAL by the defendant, Pelligrino Morano, from a judgment of the Supreme Court, rendered on the 20th day of May, 1918, convicting him of the crime of murder in the second degree, and also from an order denying his motion for a new trial made upon the minutes.

*Abraham H. Kesselman (George W. Martin* with him on the brief), for the appellant.

*Ralph E. Hemstreet, Assistant District Attorney (Harry E. Lewis, District Attorney,* with him on the brief), for the respondent.

PER CURIAM:

The theory of the prosecution is that the homicide was directed by a conspiracy of which the defendant was one of the master spirits. The evidence is that the conspiracy planned the extermination of a rival band in order to take over its system of blackmail, to clear the way for gambling games, to exact tribute from gamblers, for vengeance and for self-preservation. The homicide was the result of a fusillade fired by several men, who it is testified obeyed the orders of the defendant and other leaders. The defendant was not present at the scene of the killing. The defendant, while not denying acquaintance and association with his alleged fellow-conspira-

tors, including the actual murderers, asserted that his associa-
tion was social and innocent, at least of blood, and denied the
conspiracy for this homicide.

If we do not mistake the contention of the learned counsel
for the appellant, his plea is not so much against the sufficiency
of the evidence as against its character.    He contends that
the witnesses essential to the proof revealed themselves as
unworthy of belief.    His plea is aimed also at errors of rulings
upon evidence, and at the fairness of the trial.

As the prosecution depended largely upon the turning of
state's evidence, it was natural that the witnesses who did so
were vulnerable; and moreover it must be admitted that their
own testimony revealed that their lives generally were corrupt,
unsavory and criminal.    But their credibility was essentially
a question for the jury.    (People v. Seidenshner, 210 N. Y.
341, 358, 31 N. Y. Crim. 176; People v. Becker, 215 id. 126,
33 N. Y. Crim. 93; People v. Cohen, 223 id. 406, 411, 36
N. Y. Crim. 419.)    The evidence was sufficient to fasten guilt
upon the defendant, and the record does not justify an inter-
ference upon the facts.

One of the assassins was a man named Vollero.    He was
tried separately for the killing of Ubriaco, who fell before the
same fusillade.    The conviction of Vollero for murder in the
first degree was affirmed by the Court of Appeals (People v.
Vollero, 226 N. Y. 587) " under section 542 of Code of Crim-
inal Procedure."    Naturally we may resemble the case of
Vollero in its general features to the case at bar.    We find that
substantially all of the points made and elaborately argued in
the case at bar were made and elaborately presented in
Vollero's case.    We assume, of course, that none of the points
made in Vollero's case was overlooked, and we must conclude
that none was deemed fatal to the judgment of conviction.
The counsel were different, but the learning and thoroughness
of the brief made in Vollero's case do not suffer in comparison
with the brief in the case at bar.

The defendant's first point is that the People were allowed to give evidence and prove various other crimes that the defendant committed or was connected with, not charged in the indictment. The principal extraneous crime was the murder of Ferrazano, as appears in point V.* It is quite clear that the Court of Appeals considered this point in particular, as the sole dissentient in that court was Pound, J., upon People v. Molineux (168 N. Y. 264, 16 N. Y. Crim. 120), a leading case upon conspiracy, which was cited by counsel in Vollero's case and by counsel in the case at bar. Defendant's point II is the error of admitting the evidence of the attempt to kill Morello with a bomb. This falls within the category of a separate crime and is subject to the same principle.† As to the bomb, it appeared in Vollero's case that Vollero *and* this defendant were both present (pp. 198, 199). Defendant's point III is that it was error to admit evidence that the defendant was a leader of the Camorra.‡ Defendant's point IV is that it was error to admit in evidence the fact that the Navy street gang levied blackmail upon artichoke dealers.§ Defendant's point V is, as we have said, an elaboration of his point I. The final point is against the fairness of the trial. A similar point was presented in Vollero's case, but of course the specifications were entirely different.

As to the final point, the unfairness of the trial, the specific instances to which we are referred do not in our opinion make the authorities cited precedents for a reversal. The scope of the cross-examination of the defendant as a witness permitted questions as to his credibility, and the various questions which were addressed to that feature, where there were exceptions, were legitimate. (Underhill Crim. Ev. [2d ed.], §§ 58, 60,

---

* See *People v. Vollero*, Court of Appeals Cases, Law Library, Kings County, March, 1919; appellant's points, pp. 23, 61.

† Record, Id. pp. 198, 199.

‡ Id. Appellant's points, pp. 26, 27, 28, 29.—[NOTE BY THE COURT.

§ Id. Appellant's points, p. 37. (See foot note, *ante*, p. —.)

61.)     Some of the questions upon which stress is laid were answered before objection, or the rulings were not excepted to, or the answers were not of a character in themselves prejudicial. We find no capital error in the conduct of the case by the district attorney, or in the trial of the case by the court.

The judgment must be affirmed.

JENKS, P. J., MILLS, PUTNAM, BLACKMAR and KELLY, JJ., concur.

Judgment of conviction and order affirmed.