## SUPREME COURT — KINGS COUNTY.

### May, 1923.

## THE PEOPLE v. PELLEGRINO MARANO.

### (120 Misc. 696.)

NEW TRIAL—WHEN MOTION FOR NEW TRIAL ON THE GROUNDS OF NEWLY-DISCOVERED EVIDENCE MUST BE MADE WITHIN ONE YEAR AFTER ORIGINAL JUDGMENT OF CONVICTION — LACHES — CODE CRIMINAL PROCEDURE, § 465(7).

The right to move for a new trial under section 465(7) of the Code of Criminal Procedure on the ground of newly-discovered evidence is lost by laches if not made within one year of the date of the original judgment of conviction.

a motion for a new trial upon the ground of newly-discovered evidence made after the Court of Appeals, more than four years after its rendition, had affirmed a judgment of conviction, comes too late and a preliminary objection to the motion upon the ground that it should have been made within one year of the date of the original judgment, will be sustained.

Motion for a new trial in a criminal action on the ground of newly-discovered evidence.

*Charles J. Dood, District Attorney (Henry J. Walsh,* of counsel), for plaintiff.

*Edward J. Reilly,* for defendant.

Benedict, J.:

This is a motion for a new trial under section 465 of the Code of Criminal Procedure, paragraph 7, providing for another trial on the ground of newly-discovered evidence. The defendant was indicted on March 28, 1918, for the murder of one Morello on September 7, 1916. He was tried in this court on May 6 to May 18, 1918, and, on the last mentioned day, was

found guilty of murder in the second degree and on May 20, 1918, was sentenced to Sing Sing Prison for a term of from twenty years to life. He appealed from the judgment on October 23, 1918, and on June 25, 1920, the judgment of con- 1921, he appealed to the Court of Appeals, and on June 10, 1922, the judgment was affirmed in the latter court. (232 N. Y. 569.)

The present motion is based on substantially the same grounds as were presented as the basis of a motion for, and which led me to grant, a new trial in People v. Vollero after conviction of the defendant had been affirmed by the Court of Appeals. (See 108 Misc. Rep. 635.)

On the argument of this motion the learned assistant district attorney raised the preliminary objection that a motion such as this must be made, under the provisions of section 466 of the Code of Criminal Procedure, within one year from the date of the original judgment. That section as amended by the legis- lature at different times reads as follows:

" § 466. Application, when to be made. The application for a new trial must be made before judgment, except an applica- tion made under subdivision seven of section four hundred and sixty-five, which may be made at any time within one year, and except in case of a sentence of death, when the ap- plication may be made at any time before execution, and in case the court before which the trial was had is not in session, so that the application can be made and determined before the execution, then the application may be made to any justice of the supreme court or special term thereof, within the judicial department where the conviction 'was had." Amd. by Laws of 1882, chap. 65; Laws of 1887, chap. 534.

Although the motion in People v. Vollero was not made within one year from the date of judgment, it was made sea- sonably since the sentence was of death, while in the present case the judgment is of murder in the second degree and the sentence is of imprisonment for a term of years or during life.

The learned counsel for the defendant endeavors to meet the preliminary objection made by the district attorney on two grounds: First, that the statute does not specifically state whether the limitation of one year applies to the date of the judgment or of its affirmance by the Appellate Division of this court, or by the Court of Appeals; and, secondly, that this court under its general jurisdiction is vested with power to grant the relief asked for.

The court reserved decision on the preliminary objection and requested counsel to submit their views on the point in writing, which has been done. I have reached the conclusion after examination of the briefs submitted that the preliminary objection must be sustained notwithstanding the argument of the defendant. In my opinion the right of a defendant in a criminal prosecution to move under subdivision 7 of section 465 of the Code of Criminal Procedure is limited by section 466 to motions made within one year after the original judgment of conviction, and that the section does not contemplate motions made at any later date even in cases where an appeal has been taken. I am also clearly of the opinion that there is no power in this court under its general legal or equitable jurisdiction to hear a motion for a new trial under subdivision 7 after the expiration of one year from the date of the original judgment. The right to make such a motion is lost by laches if the motion be not made within the year prescribed by the section. Since the right to move is statutory, the limitation contained in the statute is controlling. In stating this result, I shall rely, in lieu of a more extended discussion of the law, on the following authorities which appear to support the conclusions reached, viz: People v. Dwyer, 30 Misc. Rep. 283; People v. Colegrove, 45 N. Y. St. Repr. 101; People ex rel. Jerome v. General Sessions, 185 N. Y. 504, affg. 112 App. Div. 424, which revd. People ex rel. Jerome v. Goff, 49 Misc. Rep. 72; People v. Bonificio, 119 App. Div. 719, 722; People v. Loeb, 125 id. 579, 581, 583.

The motion was not seasonably made under the statute, and for that reason alone it must be denied.   Settle order on notice.

Ordered accordingly.