THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* EDWARD LARKMAN, Defendant.

Supreme Court, Erie County, May 13, 1930.

*Guy B. Moore, District Attorney,* for the plaintiff.

*Wortley B. Paul,* for the defendant.

NORTON, J. This motion made by the defendant for a new trial on the ground of newly-discovered evidence is met by the preliminary objection on the part of the People that the court is without jurisdiction to entertain the motion, on the ground that the time within which such motion may be made has expired.

The defendant in February, 1926, was convicted of murder in the first degree, and was sentenced to death; upon appeal the Court of Appeals affirmed the judgment and fixed the date of execution for January 13, 1927; the Governor of the State, under the power vested in him by section 5, article 4 of the State Constitution, on January 13, 1927, commuted the sentence to imprisonment for the term of the natural life of the defendant.

The court's powers to entertain and grant this motion are given and regulated by sections 463–465 and 466 of the Code of Criminal Procedure. The objection of the People to the court's jurisdiction, viz., that the motion is not made in time, is based on the portion of section 466 of the Code of Criminal Procedure which reads: " The application * * * may be made at any time within one year [after judgment] * * * and except in case of a sentence of death, when the application may be made at any time before execution." (Above interpolation mine.)

The defendant's contention is that, as the sentence in his case was death, he may make a motion for a new trial, on the ground of newly-discovered evidence, any time during his lifetime. The claim of the People being that the commutation, by the Governor, of the sentence of death to life imprisonment, changed the sentence and that immediately thereupon it ceased to be a " case of sentence of death," and thereafter if defendant moved for a new trial, he must do so within one year from the granting of the judgment; or at least within one year from the date of the commutation.

The question thus raised is, what is the effect of the commutation upon the sentence?

Does the exercise of the sovereign power, vested in the Governor to commute, on the part of the State, part of the penalty, pronounced on defendant's conviction, while lessening his punishment, deprive defendant of or curtail his right to move for a new trial; a right that he had and could invoke at any time before the death sentence was executed?

The power to pardon or commute is not judicial; it is a sovereign power inherent in the State.

The Court of Appeals has said: The " conditional commutation is

not a part of the criminal law of the State. It is an act of grace * * *." (*People ex rel. Atkins* v. *Jennings*, 248 N. Y. 46, 51.)

It is not affected by defendant's refusal to accept it. (*People ex rel. Patrick* v. *Frost*, 133 App. Div. 179.)

A commutation is "The change of a punishment to which a person has been condemned into a less severe one." (Bouvier's Law Dict., 571.)

"It is generally accepted that a commutation is an affirmance of the sentence, leaving it in effect in a modified form." (Quoted from 46 C. J. 1199, § 53.)

"A commutation relates only to the punishment. It is said in *Ex parte Collins* (94 Mo. 25): ' The commutation does not annul the sentence of the court, but is, *pro tanto*, an affirmance of it, with a modification.' (See, too, *Matter of Conditional Discharge of Convicts*, 73 Vt. 414; 56 L. R. A. 658, 662.) " (From *People ex rel. Patrick* v. *Frost*, 133 App. Div. 179, 183.)

Defendant's right to move for a new trial exists only as, and in the instances, and to the extent the statute gives it. (*People* v. *Schmidt*, 216 N. Y. 324–328; *People* v. *Seidenshner*, 152 N. Y. Supp. 595; *People* v. *Stielow*, 160 id. 555.)

That motions for a new trial on the ground of newly-discovered evidence in criminal actions must be made within the time fixed by the statute is clear. (*People ex rel. Jerome* v. *General Sessions*, 185 N. Y. 504; *People* v. *Marano*, 120 Misc. 696; *People* v. *Vollero*, 108 id. 635.)

The *Marano* and *Vollero* cases are especially illuminating, as both were convicted of complicity in the same homicide; both applications for a new trial were made more than one year after judgment; Marano was convicted of murder second degree, and sentenced therefor; Vollero was convicted of murder first degree, and sentenced to death. The court, upon identical facts in both cases, denied the motion in the *Marano* case, on the ground that it was not made within the time fixed; and, holding that the motion was timely, in the *Vollero* case granted it.

But the *Vollero* case differs from the instant case in that Vollero, although having been twice reprieved by the Governor, was still under sentence of death.

This case came clearly within the exception, namely: " except in case of a sentence of death, when the application may be made any time before execution " until the commutation, which lessened or modified the sentence so that it was not a sentence of death, but became a sentence to life imprisonment; and "execution " by carrying into effect the death sentence thereunder thereupon became forever impossible.

May the court, in determining the question involved herein, ignore the commutation, and its effective modification of the sentence, except to accept the patent fact that pursuant thereto defendant has not been and cannot be executed?

That defendant has not been executed is of course a primary essential to this motion; but it is a fact solely because the sentence was modified so that defendant could not be executed thereunder.

Under the fundamental law of the State, the sentence as modified by the commutation became a sentence to life imprisonment. And for all purposes of execution it became immediately thereupon, and is, no longer " a sentence of death " but became a valid and enforcible sentence of life imprisonment, which must be enforced by the prison authorities and may not be rejected, nullified nor modified by the defendant nor by any court. (*People ex rel. Patrick* v. *Frost, supra.*)

But for the purposes of this motion defendant urges that the case, being one of " a sentence of death " originally, it retains that character, notwithstanding for all other purposes, upon the commutation, it became a sentence of life imprisonment.

It is a logical conclusion that as defendant is bound by and subject to the sentence as modified, and must accept its benefits, whether he regards them as benefits or not, he is also subject to the restrictions and limitations peculiar to the sentence or judgment in its modified form. That as it becomes a sentence of life imprisonment for the purpose of execution thereof, it becomes such sentence for all purposes, including a motion for a new trial on the ground of newly-discovered evidence.

The State having decreed, by the Governor's act, that the sentence of defendant be changed from death to life imprisonment, it was by such decree so changed.

The State has authorized the Legislature to define what acts constitute crimes, and the penalties therefor; it has also provided tribunals and procedure for the determination of the guilt of those charged with the commission of crimes and for the imposition of the penalties on those found guilty thereof; that is to pronounce judgment, to sentence therefor. It has also delegated to the Governor its inherent power to forgive, viz., to pardon; to lessen, viz., to commute; the penalties imposed upon those convicted of violations of its laws. For the purpose of determining the present status of defendant not only the sentence of death but the commutation to life imprisonment must be considered.

The sentence of death was valid and was fully sanctioned; the commutation was also valid and fully sanctioned; and it acted upon and definitely modified and changed the sentence of death

into a sentence of life imprisonment. The court may not, for the purposes of this motion, overrule or disregard the commutation and its effect upon the original sentence. It cannot be logically said that for every purpose, except this motion, the sentence of defendant is life imprisonment, but that for the purposes of this motion it is a sentence of death.

The court, in passing upon defendant's motion, must do so in the light of his sentence as it was when the motion was made, and now is, and not as it was before it was changed by the decree of the State, from death to life imprisonment.

The sentence as modified by the commutation is still a sentence for the crime of murder first degree, although it is not such sentence as the Penal Law provides therefor, nor is it one that the courts have authority to pronounce for that crime; and, what is most important on this motion, it is not " a sentence of death," and has not been " a sentence of death " for over three years.

The objection of the People to the jurisdiction of the court to entertain this motion, on the ground that it is not made within the time that it must be made, to be entertained, is sustained; and the motion is dismissed on that ground; an order to that effect may be entered.