■ DONALD NADEL, Appellant, v. HILLY-BROOK HOLDING CORP., Respondent.— In an action by a vendee to compel specific performance of a contract for the purchase and sale of real property, the vendor interposed a counterclaim which alleges impossibility of performance and asks for a declaration that the contract is null and void on that ground, upon payment to the vendee of the cost of title examination. The appeal is from so much of an order as denies appellant's motion for summary judgment striking out the answer and dismissing the counterclaim and grants respondent's cross motion for summary judgment dismissing the complaint and granting judgment on the counterclaim, and from the judgment entered thereon. Order and judgment, insofar as appeal is taken, unanimously affirmed, with $10 costs and disbursements. No opinion. Present — Wenzel, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ. [See *post*, p. 811.]

■ MARTIN PLATT, Respondent, v. WHITELAWN DAIRIES, INC., Appellant.— In an action to recover damages for breach of a contract of employment (first cause of action) or to recover the reasonable value of services rendered (second cause of action), the appeal is from an order denying appellant's motion for partial summary judgment dismissing the first cause of action on the ground that the contract alleged therein is unenforcible under the Statute of Frauds (Personal Property Law, § 31, subd. 1). Order affirmed, with $10 costs and disbursements. No opinion. Wenzel, Acting P. J., Beldock, Ughetta, Hallinan and Kleinfeld, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LOVELL LANDERS, JR., Appellant.— Appeal from an order of the County Court, Richmond County, denying appellant's application in the nature of a writ of error *coram nobis* to vacate a judgment of said court rendered August 4, 1933, convicting appellant of murder in the first degree and sentencing him to death. The judgment was affirmed by the Court of Appeals (*People* v. *Landers*, 264 N. Y. 119), and the sentence was thereafter commuted by the Governor to life imprisonment. For the purposes of this appeal, it is assumed that, under the circumstances here present, an appeal lies to this court (see Code Crim. Pro., §§ 517, 520; cf. *People* v. *Larkman*, 137 Misc. 466). Order affirmed. No opinion. Nolan, P. J., Wenzel, Murphy, Ughetta and Hallinan, JJ., concur.