THE PEOPLE OF THE STATE OF NEW YORK ex rel. ABRAHAM
   H. HUMMEL, Appellant, *v.* TRIAL TERM, PART I (CRIMINAL
   BRANCH), OF THE SUPREME COURT IN AND FOR THE COUNTY
   OF NEW YORK et al., Respondents.

1. WRIT OF PROHIBITION.  A writ of prohibition lies only where the
grievance cannot be redressed by ordinary proceedings at law or in equity
or by appeal.

2. ORDER DENYING MOTION TO QUASH INDICTMENT APPEALABLE —
CODE CR. PRO. §§ 485, 517.  A motion to dismiss an indictment, although
not specifically mentioned in section 485 of the Code of Criminal Pro-
cedure, is embraced in the general provisions thereof and is included in
and becomes a part of the judgment roll; an order of the trial judge deny-
ing such a motion, made upon the ground that the defendant. had been
compelled to testify against himself before the grand jury, is under sec-
tion 517 reviewable by the Appellate Division, and under section 519, sub-
division 3, by the Court of Appeals; the defendant, therefore, having a
complete remedy by appeal, is not entitled to a writ prohibiting the judge
from further proceeding with the trial.

*People ex rel. Hummel* v. *Davy*, 105 App. Div. 598, affirmed.

(Argued January 8, 1906; decided February 13, 1906.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the first judicial department, entered June
26, 1905, denying the relator's application for an absolute
writ of prohibition to restrain the prosecution of certain crim-
inal proceedings against him and quashing an alternative writ
which had been previously issued.

The facts, so far as material, are stated in the opinion.

*John D. Lindsay* and *Delancy Nicoll* for appellant.   Pro-
hibition will lie to restrain proceedings under indictments
found upon evidence extorted from the person accused in
violation of the rights secured to him by the Constitution.
(*People* v. *Rutherford*, 47 App. Div. 209; *People ex rel.
Sandman* v. *Tuthill*, 79 App. Div. 24; *People ex rel. Toy* v.
*Maher*, 71 Hun, 82; *People ex rel. Hess* v. *Inman*, 74 Hun,
130; *People ex rel. Higgins* v. *McAdam*, 22 Hun, 559;
*People ex rel. Sprague* v. *Fitzgerald*, 15 App. Div. 539;

1906.]    People ex rel. Hummel *v.* Trial Term.    **31**

N. Y. Rep.]      Opinion of the Court, per Haight, J.

*T. C. Co.* v. *Doolittle,* 54 W. Va. 210; *People ex rel. Bur-bank* v. *Wood,* 21 App. Div. 245; *People* v. *Sexton,* 40 Misc. Rep. 315; *People* v. *Dumar,* 106 N. Y. 502.)

*William Travers Jerome, District Attorney (Howard S. Gans* of counsel) for respondent. Even assuming that it were a violation of the defendant's rights to have called him before the grand jury which found the indictment against him, a writ of prohibition would not lie. (*People ex rel. Patrick* v. *Fitzgerald,* 73 App. Div. 339; *People ex rel. Adams* v. *Westbrook,* 89 N. Y. 152; *Quimbo* v. *People,* 20 N. Y. 531; *People ex rel. Mayor* v. *Nichols,* 79 N. Y. 582; *People ex rel. Deal* v. *Williams,* 51 App. Div. 102; *People ex rel. Jones* v. *Sherman,* 66 App. Div. 231; *People ex rel. Burbank* v. *Wood,* 21 App. Div. 245.)

Haight, J. The grand jury of the Court of General Sessions of the Peace held in and for the county of New York had found two indictments against the relator, charging him with the crime of subornation of perjury. These indictments had been transferred to the criminal branch of the Supreme Court which was held by Justice Davy, before whom the district attorney contemplated the trial of the charges. Thereupon the defendant moved the court for an order quashing the indictments upon the ground that he had been compelled to testify against himself before the grand jury. This motion was denied and then the relator procured an alternative writ prohibiting the justice from proceeding with the trial until the further order of the Appellate Division. Subsequently the matter was brought to a hearing before that court, resulting in an order denying the relator's application for an absolute writ of prohibition, as a matter of law, and not in the exercise of discretion, and the quashing of the alternative writ.

The writ of prohibition is one of the state writs authorized by the Code of Civil Procedure, which may issue out of the Supreme Court restraining a judge or party from further

proceeding in the action or special proceeding complained of. (Code Civ. Pro. §§ 2091–2096.) The writ does not issue as a matter of right, but only in the sound discretion of the court in cases of supreme necessity where the grievance cannot be redressed by ordinary proceedings at law or in equity or by appeal. (*People ex rel. Adams* v. *Westbrook*, 89 N. Y. 152; *People ex rel. Burbank* v. *Wood*, 21 App. Div. 245; *People ex rel. Mayor* v. *Nichols*, 79 N. Y. 582, 591; *Alexander* v. *Crollott*, 199 U. S. 580.) We are thus brought to the consideration of the question as to whether the relator had a remedy for his grievance by ordinary proceedings either at law or in equity or by appeal. We think he did, and that he availed himself of the remedy when he moved in the action for a quashing or a dismissal of the indictments. This motion was based upon affidavits and the minutes of the grand jury so that all of the merits were fully brought before the court for determination. The Code of Criminal Procedure provides that "hereafter, the only mode of reviewing a judgment or order in a criminal action or proceeding or special proceeding of a criminal nature is by appeal." (§ 515.) An appeal to the Supreme Court may be taken by the defendant from the judgment on a conviction after indictment, and upon the appeal any actual decision of the court in any intermediate order or proceeding forming a part of the judgment roll, as prescribed by section 485, may be reviewed. (§ 517.) The indictments, as we have seen, had been found and returned to the court by the grand jury. The criminal actions were, therefore, pending. The motions made to dismiss the indictments were motions in the actions and necessarily appear upon the minutes of the court, required to be kept by the clerk. Section 485 provides that the judgment roll must consist of the following papers: "1. A copy of the minutes of a challenge interposed by the defendant to a grand juror, and the proceedings and decision thereon. 2. The indictment and a copy of the minutes of the plea or demurrer. 3. A copy of the minutes of a challenge, which may have been interposed to the panel of the trial jury, or

to a juror who participated in the verdict, and the proceedings and decision thereon. 4. A copy of the minutes of the trial. 5. A copy of the minutes of the judgment. 6. A copy of the minutes of any proceedings upon a motion either for a new trial or in arrest of judgment. 7. *The case*, if there is one." While a motion to dismiss an indictment is not specifically mentioned in the provisions of this section, yet we are clearly of the opinion that it is embraced in the general provisions thereof and is included and becomes a part of the judgment roll. It would necessarily appear, in the case, under subdivision 7 of the section and also as a part of the minutes of the trial under subdivision 4. The ruling thereon is, therefore, under section 517 reviewable by the Appellate Division, and the determination of that court may be reviewed by an appeal to this court under section 519, subdivision 3, which authorizes us to review a final determination of the Appellate Division affecting a substantial right of the defendant. So far as the questions of practice are concerned this case is very similar to that of *People* v. *Glen* (173 N. Y. 395). In that case a motion was made to dismiss the indictment and the motion was denied. In that case we held that the defendant had not only the right to make the motion but that he was entitled to have it reviewed, and we did review the questions involved in that case upon the merits.

It follows, therefore, that the relator has a complete remedy under the Code for the grievance complained of and that he has availed himself of such remedy; that the review of the rulings made thereon is by appeal and not by writ of prohibition.

The order of the Appellate Division should be affirmed.

O'BRIEN, J. (dissenting). The relator Hummel was indicted by the grand jury for subornation of perjury. Upon the investigation before the grand jury which resulted in the indictment he was subpœnaed as a witness by the district attorney and compelled to testify against himself. After the

indictment was found he made a motion to the court before which the trial was to be had to set aside the indictment, on the ground that his constitutional rights had been violated in compelling him to attend and testify as a witness. The motion was denied, and he thereupon applied for a writ of prohibition restraining the court from proceeding with the trial of the indictment, and no trial has yet been had.

There is no dispute about the facts. They are admitted upon the record by the return. They were practically conceded by the learned court below and they are admitted in the briefs of counsel in this court. The court below was divided upon the question. All seem to have agreed that the constitutional rights of the relator were violated, but the majority of the court were of the opinion that a writ of prohibition would not lie, for the reason that the relator had another remedy, and that was by an appeal from the order denying the motion to set aside the indictment. That view is sustained by the prevailing opinion in this court and no other question is considered.

The proposition to be decided is that an appeal lies from an order of the trial court refusing to set aside an indictment on the ground of misconduct or illegal action before the grand jury finding the indictment, and having this right of appeal, the relator was not entitled to the writ of prohibition. I think that this proposition is plainly erroneous, and what I have to say in this opinion will be directed solely to prove that it is.

The right of appeal from a judgment or order in a criminal case is statutory only, and in the absence of a statute expressly authorizing an appeal in a given case, no appeal can be taken. (*People* v. *Trezza,* 128 N. Y. 529; *People* v. *Palmer,* 109 id. 413, 418; *People ex rel. Commrs.* v. *Cullen,* 151 id. 54, 56; *People* v. *Priori,* 163 id. 99, 107; *People* v. *Dempsey,* 31 Hun, 526, 528.) No statute or adjudication can be found authorizing an appeal from an order denying a motion to set aside an indictment. By section 517 of the Code of Criminal Procedure an appeal may be taken in connection

with the appeal from the final judgment from any actual decision of the court in an *intermediate* order or proceeding forming a part of the judgment roll, as prescribed in section 485. An order refusing to set aside an indictment for misconduct of the grand jury is not an intermediate order and such an order is no part of the judgment roll as prescribed in section 485. So the order in question cannot be the subject of appeal under that section.

Turning to section 485 the papers which are to go into and constitute the judgment roll are specified and enumerated. But an order made before the trial on a motion to set aside the indictment, such as that with which we are now concerned, is not among the papers designated and enumerated. It is said, however, that *the case*, if there is one, may be included in the judgment roll and form a part of it; but just how this order in question could be incorporated in the case is not pointed out or explained. Turning to section 458 we find that the case is to contain "so much of the evidence, and other proceedings *upon the trial*, as is material to the questions to be raised thereby, and also the exceptions taken by the parties making the case." The order in question is no part of the evidence or proceedings upon the trial. That is very clear, and if the relator should attempt to incorporate such an order in the case it would be stricken out on the motion of the district attorney. Hence it seems to me to be very clear that no method is provided for reviewing in any court an order denying a motion to set aside an indictment.

A motion in arrest of judgment clearly does not bring up for review any such order. What may be urged on a motion in arrest of judgment is specified in section 331, and is confined to defects appearing on the face of the indictment. The case of *People* v. *Glen* (173 N. Y. 395) does not in the least help the contention that the order in question is appealable. The right of appeal from such an order was not at all involved in that case. There was no appeal from any order refusing to set aside the indictment, either as an independent proceeding or in connection with the judgment. The ques-

MATTER OF THOMPSON. [Feb.,

tion of the right of the accused to make such a motion was involved, but the right to appeal from the order was not. The conclusion seems to be irresistible that the relator had no right to appeal from the order denying the motion to set aside the indictment, and hence the refusal of the court to grant the writ of prohibition was based upon grounds wholly untenable. If, however, I am wrong in this conclusion, it ought not to be very difficult to point out and expose the error; but I fail to find anything in the prevailing opinion or in the briefs of counsel pointing out the statute or authorities under which an appeal may be had. So I am in favor of reversing the order and granting the writ, as the relator is without any other remedy either by appeal, motion or otherwise.

CULLEN, Ch. J., WERNER, WILLARD BARTLETT and HISCOCK, JJ., concur with HAIGHT, J.; VANN, J., concurs with O'BRIEN, J.

Order affirmed.