THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM
TRAVERS JEROME, District Attorney of New York County,
Respondent, *v.* THE COURT OF GENERAL SESSIONS OF THE
PEACE IN AND FOR THE COUNTY OF NEW YORK et al.,
Appellants.

JURISDICTION — MOTIONS FOR NEW TRIALS IN CRIMINAL CASES — WRIT
OF PROHIBITION.   The Court of General Sessions of the Peace in and for
the county of New York has no power to entertain a motion for a new
trial after judgment in a criminal case unless the motion is made under
the provisions of subdivision 7 of section 465 of the Code of Criminal
Procedure.   Where, therefore, said court is about to exceed its powers
by entertaining such a motion upon grounds not permitted by such pro-
visions, a writ of prohibition is the appropriate remedy in behalf of the
People, and is properly issued.

*People ex rel. Jerome* v. *Court of General Sessions,* 112 App. Div. 424
affirmed.

(Argued June 12, 1906; decided June 21, 1906.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the first judicial department, entered April
20, 1906, which reversed an order of Special Term denying a
motion for an absolute writ of prohibition and granted said
motion.

The facts, so far as material, are stated in the opinion.

*James W. Osborne* for appellants.   The Court of General
Sessions had the power to entertain a motion for a new trial.
(*Quimbo Appo* v. *People,* 20 N. Y. 531 ; *Miller* v. *Finkle,* 1
Park. Cr. Rep. 374 ; *King* v. *Price,* 6 East, 322 ; *King* v.
*Justices of Leicestershire,* 1 M. & S. 442 ; 1 Chitty's Cr. Law,
772 ; *People* v. *Bradner,* 107 N. Y. 1 ; *Matter of Clark,* 168
N. Y. 427.)   The application for an absolute writ was properly
denied at Special Term.   (2 High on Ext. Rem. Ch. 21,
§ 765 ; *People* v. *Westbrook,* 89 N. Y. 152 ; *People* v. *Lord,*
12 Hun, 282 ; *Cancemi* v. *People,* 18 N. Y. 128 ; *People* v.
*Lindenborn,* 23 Misc. Rep. 426 ; *People* v. *O'Donnell,* 46
Hun, 358 ; *Comm.* v. *Werner,* 5 Penn. Sup. Ct. 249.)

*William Travers Jerome, District Attorney (Robert C. Taylor* of counsel), for respondent.   Prohibition was the only remedy available to the People.   (*People* v. *Laurence,* 137 N. Y. 517; *Quimbo Appo* v. *People,* 20 N. Y. 531; *Thompson* v. *Tracy,* 60 N. Y. 31; *People ex rel. Mayor, etc.,* v. *Nichols,* 79 N. Y. 582.)   The recorder was without jurisdiction to act after judgment.   (Code Crim. Pro. §§ 462–467; *People* v. *Bradner,* 107 N. Y. 1; *People* v. *Colegrove,* 45 N. Y. S. R. 101; *People* v. *Priori,* 162 N. Y. 99; *People* v. *Kelly,* 94 N. Y. 526; *People* v. *O'Connor,* 37 Misc. Rep. 754; *People* v. *Walker,* 40 Misc. Rep. 521; *People* v. *Dwyer,* 30 Misc. Rep. 283; *People* v. *Flechter,* 35 Misc. Rep. 779; *People* v. *Bissert,* 71 App. Div. 118; *People* v. *Glen,* 173 N. Y. 395.)

Gray, J.   This appeal is from an order of the Appellate Division, in the first department, granting a motion for the issuance of an absolute writ of prohibition, after reversing an order of the Special Term, which had denied such an application and had vacated an alternative writ, commanding the Court of General Sessions of the Peace in, and for, the County of New York, the recorder of the city of New York, as judge of the said court, and one John Blake to refrain from any further proceedings upon a motion for a new trial made by, or on behalf of, the said Blake.

It appears, from the answer made to the alternative writ, that the said John Blake had been indicted for the commission of the offense of selling an article of merchandise, falsely described upon the label on the vessel containing the same. He was tried at the General Sessions, the recorder presiding at the trial, upon his plea of not guilty to the charge and was found guilty by the verdict of a jury.   After the rendition of the verdict and before sentence, he moved that the verdict be set aside upon all the grounds specified in the Code of Criminal Procedure; that a new trial be had upon the minutes, upon all the statutory grounds, and for an arrest of judgment.   The motions were denied by the recorder and the

defendant was sentenced to three months in the penitentiary
Thereafter, a motion was made, and was entertained by the
recorder, for a new trial and for an arrest of judgment on all
the grounds stated in the Code of Criminal Procedure for
such applications and, especially, upon the ground that, it
affirmatively appearing upon the face of the indictment and
by the testimony upon the trial that a period of more than
two years had elapsed after the commission of the alleged
offense and before the indictment was found, therefore, all
prosecution for the offense had been barred by the Statute of
Limitations.   Pending the hearing upon the motion before
the recorder, the district attorney applied to the Special Term
of the Supreme Court for a writ of prohibition against any
further proceedings in the matter of the motion for a new
trial.   The alternative writ was issued and, upon the return
thereto, the application of the district attorney was denied;
whereupon, an appeal being taken by the People, the order
was made by the Appellate Division from which the appeal is
now taken.

The question presented is whether the Court of General
Sessions, a court of limited jurisdiction, (Code Cr. Proc. §§ 51,
52), in which the trial of the defendant Blake was had,
had the power to entertain the motion for a new trial after
the judgment.   We think that it did not possess that power
and that the appropriate remedy was availed of by the dis-
trict attorney, in behalf of the People.   (Code Civ. Proc.
§ 2092; *Quimbo Appo* v. *People*, 20 N. Y. 531, 540.)   The
grievance of the People, if the trial court was about to
exceed its powers, was one which could not be redressed by
an appeal, (Code Cr. Proc. § 518), and, therefore, a writ
of prohibition properly issued.   (*People ex rel. Hummel*
v. *Trial Term*, 184 N. Y. 30.)   The jurisdiction and proced-
ure of the criminal court were governed by the provisions
of the Code of Criminal Procedure.   (*People* v. *Hovey*, 92
N. Y. 558; *People* v. *Glen*, 173 ib. 395.)   The trial court
possessed no inherent power to grant a new trial and its
authority in that respect was derived from sections 463, 465

and 466 of that Code.   Section 463 provides that " a new trial can be granted by the court in which the former trial was had, only, in the cases provided in section 465."   Section 465 provides, in seven subdivisions, the cases in which a new trial can be ordered, and section 466 requires that " the application for a new trial must be made before judgment," except where it is made under subdivision 7 of section 465, upon the ground of newly discovered evidence, etc.   In the present case, the application was not based upon any newly discovered evidence, but, solely, upon the fact that the evidence upon the former trial disclosed the running of the Statute of Limitations against any prosecution.   Section 466 is explicit and it was controlling upon the trial court.   There had been judgment, because sentence had been pronounced, (*People* v. *Bradner*, 107 N. Y. 1, 11; *People* v. *Bork*, 78 ib. 346, 350), and the recorder had lost jurisdiction of the defendant's case for the purpose of a motion for a new trial.   The only method of review which the law allowed the defendant was by way of appeal, (*People* v. *Priori*, 163 N. Y. 99, 101), where the appellate court could administer relief.   The case of *People* v. *Bradner*, (*supra*), is in point as an authority upon the power of the criminal court.   At the time it was decided, section 466 had not been amended so as to allow a period of one year after judgment within which to make application for a new trial and because the motion there was made after judgment, it was held by this court that it had been properly denied upon the ground of a want of power to grant the same.   [It may be noted, in passing, that the words "improperly denied," in the text of the opinion, at page 10, should read " properly denied."]

The case of *Quimbo Appo* v. *People*, (*supra*), is of no application, having been decided prior to the enactment of the Code of Criminal Procedure, otherwise than as sustaining the propriety of the issuance of an absolute writ of prohibition to restrain an inferior court, or tribunal, from proceeding beyond its legitimate, or statutory, powers.   It was there held that the Court of Oyer and Terminer was properly prohibited

from granting a motion for a new trial in a capital case, because lacking the power to do so, whether the power was sought for at common law, or in the statutes.

No other questions need discussion and the order appealed from should be affirmed.

CULLEN, Ch. J., EDWARD T. BARTLETT, WERNER, WILLARD BARTLETT and CHASE, JJ., concur; VANN, J., not voting.

Order affirmed.