# COURT OF GENERAL SESSIONS — NEW YORK COUNTY.

## November, 1916.

## THE PEOPLE v. HARRY FISHER.

### (97 Misc. 510.)

(1.) COURT OF GENERAL SESSIONS—JURISDICTION—EVIDENCE—INTERPRETERS—NEW TRIAL.

The Court of General Sessions in and for the county of New York, after the rendition of a judgment of conviction in a case tried therein, has no jurisdiction to grant a new trial on the ground that a certain deposition containing the testimony of the complaining witness in the City Magistrate's Court was improperly received in evidence for the reason that such testimony was given through an unknown interpreter.

(2.) NEW TRIAL—MOTION FOR A—CRIMINAL LAW—JUDGMENTS—CODE CRIM. PRO., § 465(7).

A new trial in a criminal action can be granted only in the cases provided for by section 465 of the Code of Criminal Procedure, and unless an application is made under subdivision 7 of said section the motion for a new trial must be made before judgment as provided by section 466 of said Code, even though the motion is based upon the ground that the verdict of guilty was contrary to law.

MOTION to set aside a verdict and grant a new trial upon the grounds, *first,* that upon another trial the defendant can produce evidence such as if before received probably would change the verdict; and, *second,* the verdict is contrary to law.

*K. Henry Rosenberg,* in suport of motion.

*Leslie J. Tompkins, Assistant District Attorney,* in opposition.

Nott, J.:

The defendant was convicted on the 3d day of October, 1916, of grand larceny in the first degree. Before sentence on October 16, 1916, a motion was duly made to set aside the verdict and for a new trial, upon all the grounds mentioned in section 465 of the Code of Criminal Procedure, which motion was denied.

The present motion was made on October 25, 1916, after the rendition of final judgment in the case. The ground of the motion is that a certain deposition containing the testimony of the complaining witness in the City Magistrate's Court was improperly received, for the reason that the testimony there taken was given through an unknown interpreter. This presents a serious question for review, but I am constrained to hold that this court has no power or jurisdiction to grant a new trial under the circumstances, and that the defendant's only remedy is by appeal.

Section 463 of the Code of Criminal Procedure provides that a new trial can be granted only in the cases provided by section 465. Section 466 of the Code provides that the application for a new trial must be made before judgment, except an application under subdivision 7 of section 465 (that is, an application upon the ground of newly discovered evidence).

While the present application is partly based in form on the ground of newly discovered evidence, it is perfectly apparent that the evidence is not newly discovered in any sense. The defendant and his counsel were present in the police court and if the interpreter was not sworn it was known at the time. Therefore, the motion is really based upon the ground that the verdict is contrary to law. But section 466, as already stated, forbids the application being made upon that ground, except before judgment. (See People ex rel. Jerome v. Court of General Sessions, 112 App. Div. 424; affd., 185 N. Y. 504.) For this reason the motion must be denied.

Motion denied.