In the Matter of FRANK S. HOGAN, as District Attorney of New York County, Appellant, against COURT OF GENERAL SESSIONS OF THE COUNTY OF NEW YORK, Respondent, and JACOB SHAPIRO, Intervener, Respondent.

Argued April 16, 1946; decided July 23, 1946.

*Frank S. Hogan, District Attorney (Whitman Knapp, David Du Vivier* and *Harold Roland Shapiro* of counsel), for appellant. I. Upon the conceded facts, the Court of General Sessions is without power to set aside either of the judgments now under attack. A criminal court is empowered to set aside one of its own judgments in *coram nobis* proceedings only where the judgment was procured by fraud or in violation of a constitutional right and under circumstances making it impossible for the defendant to avail himself of the ordinary remedies provided by the Code of Criminal Procedure. (*People* v. *Gersewitz,* 294 N. Y. 163; *Matter of Hogan* v. *N. Y. Supreme Court,* 295 N. Y. 92; *Matter of Lyons* v. *Robinson,* 293 N. Y. 191; *Matter of Morhous* v. *N. Y. Supreme Court,* 293 N. Y. 131; *Matter of Lyons* v. *Goldstein,* 290 N. Y. 19; *Bass* v. *State,* 191 Ark. 860; *People* v. *Vernon,* 9 Cal. App. 2d 138; *Medberry* v. *People,* 107 Col. 15; *Chambers* v. *State,* 113 Fla. 786; *People* v. *Bruno,* 346 Ill. 449; *Sanders* v. *State,* 85 Ind. 318, 326; *Dobbs* v. *State,* 63 Kan. 321.) II. Neither of the intervener's applications before the Court of General Sessions alleged facts sufficient to give that court power to act. A. Nothing contained in the intervener's application to set aside his 1915 conviction brings it within any recognizable limit of the writ of error *coram nobis*. (*People* v. *Gersewitz,* 294 N. Y. 163; *People* v. *Gilbert,* 25 Cal. 2d 422; *People* v. *Murch,* 263 N. Y. 285; *People ex rel. Kuhn* v. *P. E. House of Mercy,* 133 N. Y. 207; *People ex rel. Wiegand* v. *Brophy,* 261 App. Div. 877, 286 N. Y. 640; *People* v. *DeBellis,* 87 Misc. 459; *Estate of Estrem,* 16 Cal. 2d 563; *Hadley* v. *Bernero,* 103 Mo. App. 549; *Baldwin* v. *Iowa State Traveling Men's Assn.,* 283 U. S. 522.) B. Defendant's attack on his 1918 conviction proceeds upon the theory that the allegation — admitted for the purpose of this appeal — that the trial court failed formally to advise him that he was entitled to be represented by counsel or that if he were " without funds to procure representation by counsel that the court would assign counsel ", raises a question of due process of law under the State and Federal Constitutions. The

fatal weakness in the intervener's position is that his papers nowhere allege that he was then ignorant of those rights or in any way prejudiced by the court's inaction. It is clear that no State or Federal constitutional question can be raised without such an allegation. (*Betts* v. *Brady*, 316 U. ·S. 455; *Canizio* v. *New York*, 66 S. Ct. 452; *Hawk* v. *Olson*, 66 S. Ct. 116; *Rice* v. *Olson*, 324 U. S. 786.) III. An order in the nature of prohibition pursuant to article 78 of the Civil Practice Act is the appropriate remedy for preventing the Court of General Sessions from exceeding its jurisdiction in a *coram nobis* proceeding. (*Bandini Co.* v. *Superior Court*, 284 U. S. 8; *People ex rel. Jerome* v. *Court of General Sessions*, 112 App. Div. 424, 185 N. Y. 504; *Quimbo Appo* v. *The People*, 20 N. Y. 531; *Matter of Lyons* v. *Goldstein*, 290 N. Y. 19; *Matter of Hughes* v. *Court of Special Sessions*, 181 Misc. 846; *People* v. *Superior Court*, 4 Cal. 2d 136; *State ex rel. Atty. Gen.* v. *Hurst*, 59 Okla. Cr. 220; *State ex rel. Mitchell* v. *Swindall*, 33 Okla. Cr. 210; *State ex rel. Davis* v. *Superior Court*, 15 Wash. 339; *State ex rel. Atty. Gen.* v. *Stanfield*, 11 Okla. Cr. 147; *Matter of Morhous* v. *N. Y. Supreme Court*, 293 N. Y. 131; *People ex rel. Lemon* v. *Supreme Court*, 245 N. Y. 24.)

*Sydney Rosenthal, Emanuel H. Reichart, Benjamin J. Jacobson* and *J. Bertram Wegman* for intervener, respondent. I. The Court of General Sessions has jurisdiction to entertain the intervener's application, since it has inherent power to vacate its own judgments, invalid because procured in violation of a constitutional right, or because the court was without jurisdiction of the subject matter. (*Matter of Lyons* v. *Goldstein*, 290 N. Y. 19; *Matter of Morhous* v. *N. Y. Supreme Court*, 293 N. Y. 131; *People* v. *Gersewitz*, 294 N. Y. 163; *Matter of Hogan* v. *N. Y. Supreme Court*, 295 N. Y. 92.) II. Intervener's motions are sufficient on their face to invoke the jurisdiction of the Court of General Sessions. (*People ex rel. Moore* v. *Hunt*, 258 App. Div. 24; *People* v. *McLaughlin*, 291 N. Y. 480; *Canizio* v. *New York*, 90 L. ed. 393; *Williams* v. *Kaiser*, 323 U. S. 471; *Matter of Lyons* v. *Goldstein*, 290 N. Y. 19; *People ex rel. Wiegand* v. *Brophy*, 261 App. Div. 877, 286 N. Y. 640.)

THACHER, J. In this proceeding the District Attorney of New York County filed in the Supreme Court of that county a petition for an order prohibiting the Court of General Sessions from taking any further action with regard to two separate applications made to that court by Jacob Shapiro for separate orders vacating and setting aside two judgments of conviction against him, one rendered on October 6, 1915, convicting him of the crime of burglary in the third degree and the other rendered on April 4, 1918, convicting him of the crime of attempted grand larceny in the second degree. The District Attorney, before petitioning for the order in prohibition, moved in the Court of General Sessions to dismiss each of these applications on the ground that the court had no jurisdiction to entertain either of them or to grant any of the relief requested. These motions were denied. When the petition for the order in prohibition was presented to the Supreme Court it was dismissed by that court " as a matter of law, and not in the exercise of discretion ", with an opinion holding that the Court of General Sessions had general jurisdiction to inquire into the applications and to determine whether or not to entertain them and if so what disposition should be made. The Appellate Division affirmed without opinion, one justice dissenting.

This proceeding under article 78 of the Civil Practice Act being one in the nature of prohibition, we are confined in our consideration to a question of the jurisdiction of the Court of General Sessions to vacate and set aside either of its judgments of conviction against Shapiro. We are in no way concerned with the merits of intervener's applications, which must be justified, if justified at all, as requiring an exercise of the court's inherent power to set aside its own judgments within the limited and circumscribed field within which the common-law writ of *coram nobis* was employed (*Matter of Lyons* v. *Goldstein*, 290 N. Y. 19; *Matter of Morhous* v. *N. Y. Supreme Court*, 293 N. Y. 131; *Matter of Hogan* v. *N. Y. Supreme Court*, 295 N. Y. 92). In each of these cited cases the *coram nobis* application was predicated upon allegations that the judgment was procured by fraud. In *People* v. *Gersewitz* (294 N. Y. 163) Chief Judge LEHMAN said (p. 167) : " We have sanctioned the exercise of such a power by a court to correct its own record or to set aside an order or judgment which was induced by

fraud or procured in violation of a constitutional right of a party. Perhaps that power can have no broader scope. No case has been presented to the court in which the court was called upon to define its exact limits, but in March, 1943, this court authoritatively decided (three judges dissenting) that a court of criminal jurisdiction has ' inherent ' power to set aside a judgment procured by fraud and misrepresentation and to permit a defendant to withdraw a plea of guilty induced by violation of his constitutional rights [citing case]; and in *Matter of Morhous* v. *N. Y. Supreme Court* (293 N. Y. 131), we held that a motion to vacate a judgment procured by violation of the defendant's constitutional rights is the corrective judicial process which is authorized by the law of the State to remedy the alleged wrong to the defendant and that it adequately meets the requirement of ' due process '.'' This language of the late Chief Judge is certainly not to be understood as saying that any judgment procured as the result of a trial during the course of which rulings were made in violation of constitutional right may be vacated and set aside if there was a right to review such rulings on an appeal from the judgment. Similarly, matters not presented during the trial, if presentable upon a motion for a new trial, would not be ground for setting aside the judgment years after its entry.

The first conviction — October 6, 1915 — was after a trial before a jury in which intervener was represented by counsel. He was convicted of burglary in the third degree and sentenced to the Elmira Reformatory. He was again convicted, on April 4, 1918, of the crime of attempted grand larceny in the second degree and sentenced to one year and two months in a State prison. In October, 1944, he made the two applications to the Court of General Sessions here involved seeking to set aside each of these judgments.

The application concerning the 1915 judgment was predicated upon the allegation that intervener was under the age of sixteen years at the time the judgment was rendered. His application concedes that at the time of his arraignment he gave his name as Morris Friedman and his age as twenty-one and that during the trial he testified that he was eighteen. His argument is that, since the jurisdiction of the Court of General Sessions at the time the judgment was rendered was

limited to criminal actions, and since he was in truth under sixteen years of age despite his statements to the contrary, he was without capacity to commit a crime (Penal Law, § 2186), so that the judgment convicting him of a crime was invalid and deprived him of his liberty without due process of law.

The application concerning the 1918 judgment was predicated upon the allegation that the intervener was not advised of his right to counsel at the time a plea of guilty was accepted. He asserts: " Before my arraignment, the police officer who arrested me told me that I should not get a lawyer — that I would be better off without one. At the arraignment I was not represented by counsel nor was I advised by the Clerk or the Magistrate presiding that I was entitled to such representation or that if I did not have the funds to employ counsel that the court would assign counsel to me. In any event, without the advice of counsel, when I was asked how I pleaded to the charge, I replied, ' Guilty.' I was thereupon held for the grand jury." Subsequently an indictment was found against intervener charging him with the crime of grand larceny in the second degree, to which he pleaded guilty. He states: " At no time during any of the proceedings above set forth was I represented by counsel nor was I at any time advised that I was entitled to such representation. The only mention that was ever made of counsel during this proceeding was when the arresting officer told me before taking me before the Bench for arraignment in the Magistrates' Court that I shouldn't get a lawyer for I did not need one." He alleges that, since his conviction, he has learned that the value of the merchandise which he is accused of stealing was no more than $46.20 and he therefore should have been charged with the crime of petit larceny instead of grand larceny, and that, " If I had been cognizant of this fact at the time of my arraignment, or if I had benefit of counsel to so advise me, it is obvious that I would not have pleaded guilty to attempted grand larceny in the second degree."

While we may not concern ourselves with the merits of these applications, we must, in view of the fact that the court has denied motions to dismiss them for lack of jurisdiction, consider the sufficiency of the allegations to sustain the court's **jurisdiction to vacate and set aside its judgment of conviction.**

As to the first conviction, involving only the question of the intervener's age, that was a question of fact determined upon the trial. If there was any mistake about it, the question could have been raised again upon a motion for a new trial and there is no basis whatever for any proceeding in *coram nobis*. It was held below, and is insisted here, that prohibition cannot lie because the Court of General Sessions has general jurisdiction to vacate its own judgments in *coram nobis* proceedings and *a fortiori* has jurisdiction to determine the sufficiency of the applications to sustain its jurisdiction to proceed further. These contentions overlook the function of the writ of prohibition, not merely to restrain an unwarranted assumption of jurisdiction, but also to restrain an inferior court from exceeding its authorized powers in a proceeding over which it has jurisdiction. That jurisdiction the court has exercised but in error has concluded with reference to the 1915 conviction that it may proceed further and upon the facts alleged, if they be established, vacate and set aside its judgment of conviction. This the court may not do without exceeding its jurisdiction, and the writ of prohibition may be used to restrain further proceedings in excess of jurisdiction. These rules were well stated in *Matter of Culver Contrg. Corp.* v. *Humphrey* (268 N. Y. 26, 39): "The order of prohibition is provided for by the Civil Practice Act (§§ 1341–1355) [now Civ. Prac. Act, art. 78, §§ 1283–1306]. These sections represent the codification of the common law writ of prohibition. The change is only of form and the order continues to be governed by the common law as to its nature, function and the facts governing its issuance. The remedy is an extraordinary one which lies within the discretion of the court. Although ordinarily employed to restrain a subordinate tribunal from entertaining a cause or proceeding over which it has no jurisdiction (*People ex rel. Safford* v. *Surrogate's Court*, 229 N. Y. 495; *People ex rel. Lemon* v. *Supreme Court*, 245 N. Y. 24), it may be exercised also to enjoin a lower court from exceeding its authorized powers in a proceeding over which it has jurisdiction. (*Quimbo Appo* v. *People*, 20 N. Y. 531; *People ex rel. Jerome* v. *Court of General Sessions*, 185 N. Y. 504.) (See *People ex rel. Livingston* v. *Wyatt*, 186 N. Y. 383; at p. 393.) The writ does **not issue where the grievance can be redressed by ordinary**

proceedings at law or in equity or merely to prevent error which may be readily corrected on appeal. (*People ex rel. Mayor* v. *Nichols*, 79 N. Y. 582; *People ex rel. Hummel* v. *Trial Term*, 184 N. Y. 30; *People ex rel. Livingston* v. *Wyatt, supra; People ex rel. Childs* v. *Extraordinary Trial Term*, 228 N. Y. 463.) It is not available ordinarily as a method of premature appeal. Nevertheless, where the lower court is exceeding its jurisdiction and the writ or order furnishes a more effective remedy, it may be availed of although the error might be corrected by appeal." The remedy is particularly appropriate when, as in this case, the error may not be corrected on appeal (*People* v. *Gersewitz, supra; People ex rel. Jerome* v. *Court of General Sessions*, 185 N. Y. 504, 506; *People ex rel. Lemon* v. *Supreme Court*, 245 N. Y. 24, 35; *Canizio* v. *State of New York*, 327 U. S. 82).

As to the second conviction, without considering the merits, we are constrained to conclude that the failure to advise the defendant of his right to counsel, in the light of all the surrounding circumstances as they may be developed in further proceedings, may require the exercise of the court's extraordinary power to vacate its own judgments as upon a writ of error *coram nobis*.

The order should be reversed insofar as it dismisses that part of the petition which seeks an order of prohibition with respect to the 1915 judgment, and as to such part of the petition the application should be granted; otherwise the order should be affirmed, without costs.

The order should be modified in accordance with this opinion and, as so modified, affirmed, without costs.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND and DYE, JJ., concur.

Ordered accordingly.