## UNITED STATES ex rel. QUINN v. JACKSON, Warden, et al.

### Misc. 4590.

District Court, N. D. New York.

July 14, 1947.

No attorneys for the respective parties.

BRENNAN, District Judge.

The petitioner, who is presently confined in Clinton State Prison, Dannemora, New York, by virtue of a conviction in the courts of the State of New York of the crime of murder in the second degree, seeks a writ of habeas corpus.

The petition may be divided into two parts insofar as the form thereof and relief sought therein are concerned.

The first contention is that petitioner's trial was a pretense; that perjured testimony was offered thereon, and that a statement or confession by the petitioner which was obtained under duress was received in evidence against him; in short, that his conviction was secured by illegal methods and that he was deprived of due process of law.

It does not appear that an appeal was ever taken by the petitioner from the judgment of conviction. Neither has there been any motion made in the state courts to vacate the judgment.

It is plain that the State of New York has afforded adequate remedies wherein the petitioner may obtain redress. The petitioner has not exhausted his remedies in the state courts, and his application insofar as it is based upon the matters above referred to, is denied.

A somewhat more detailed explanation is required in disposing of petitioner's second contention. A brief summary of the facts show that in 1932 two indictments were presented by a grand jury sitting in connection with the Supreme Court of the State of New York. Both indictments were filed

with the Clerk of Orange County, New York, and they separately charge the petitioner with the crime of murder in the first degree; it being alleged that he theretofore caused the deaths of Percy Sprague and Daniel Cleminer.

The petitioner was brought to trial upon indictment No. 4011 which in substance charged him with the murder of Cleminer. The trial resulted in a judgment of conviction of murder in the second degree, and the petitioner was sentenced to be confined for a period, the minimum of which would be twenty years, and the maximum his natural life. The petitioner is now confined as above stated by virtue of said judgment of conviction.

Indictment No. 4010, which relates to the death of Sprague, has never been moved for trial; neither has it been dismissed. In 1944, the petitioner, by motion made in the Supreme Court of Orange County, New York, sought to obtain either the trial of the indictment or its dismissal. The application of the petitioner was treated as a motion in the action, and while the decision indicates that the issue raised by the indictment should be tried or the indictment dismissed, the petitioner's application was denied for the reason that Section 511 of the Penal Law of the State of New York, Consol.Laws, c. 40, provides in substance that a person sentenced to imprisonment for life is thereafter deemed civilly dead, and petitioner, therefor, has no right to make the motion or application. A similar motion was made in January, 1947. The motion was again denied for the same reason. The petitioner then moved "—for leave to appeal as a poor person." The motion was denied by the Supreme Court, Appellate Division, about March 25, 1947. He then sought permission to appeal to the Court of Appeals and to prosecute such appeal as a poor person. The application was denied about May 15, 1947, upon the ground that the Court of Appeals had no power to review the order of the Appellate Division above referred to.

It may be readily inferred that the petitioner desires that the pending indictment be disposed of, as he deems that same is an obstacle to his release on parole. His motive in making the present application however is unimportant. The court of original jurisdiction recognized the existence of petitioner's right to a speedy trial, but concluded that the petitioner had no power to make such right effective. It would seem that the court's ultimate question here is whether or not the provision of the New York State Code of Criminal Procedure which provides that the petitioner has lost his civil rights is of sufficient force to deprive him of the procedural means to obtain his constitutional right to a speedy and public trial.

■ Having in mind the principle that federal courts will not assume jurisdiction in a habeas corpus proceeding where the state has provided an adequate remedy for the review of the questions involved, New York State statutes and cases have been examined insofar as they apply to the question here. Section 8 of the New York State Code of Criminal Procedure provides that a defendant in a criminal action is entitled to a speedy and public trial. Section 668 provides that an indictment may be dismissed when a case is not tried at the next term after the indictment is presented, unless good cause for the delay is shown. Section 671 provides that the court on its own motion, or upon the application of the district attorney, may dismiss an indictment not seasonably tried or disposed of. The reported cases of the state courts recognize without exception a defendant's right to a speedy trial. The law seems to be perfectly clear but the question involved seems to be one of procedure.

■■ The petition does not specifically indicate that an appeal was taken to the Appellate Division from the order of the trial court reviewing petitioner's application. The decision of the Appellate Division and the Court of Appeals above referred to do not dismiss the appeal, so that it may be fairly inferrable that no appeal was in fact taken. Investigation indicates that no appeal would lie to the Appellate Division or to the Court of Appeals from the order of the court of original jurisdiction. New York Code of Criminal Procedure, Section 517; People v. Gersewitz, 294 N.Y. 163, 61 N.E.2d 427. The order com-

plained of is an intermediate order in a pending action. The recent amendment to Section 517 of the Code of Criminal Procedure, Chapter 706 of the Laws of 1947, which provides for an appeal from an order denying a motion to vacate a judgment of conviction, was apparently enacted to cure the defect referred to in People v. Gersewitz, supra, but is not broad enough to include an appeal from the order in the instant case. If the order under discussion is not appealable, then it would seem that the petitioner had the right to apply to the Supreme Court of the United States for a writ of certiorari to review the order of the Orange County Supreme Court, that court being the highest court in the state, which could adjudicate the question involved. Canizio v. People of State of New York, 327 U.S. 82, 66 S.Ct. 452, 90 L.Ed. 1039.

It may be correct that the order could be reviewed by the appellate courts of the State of New York if and when the indictment is brought to trial, and a judgment of conviction resulted. People ex rel. Hummel v. Trial Term, Part 1, 184 N.Y. 30, 76 N.E. 732. But it does not seem reasonable that an adjudication of the issue may be thwarted by the inaction of the New York State public officials. The possession by the petitioner of a substantial right being conceded, the courts will be diligent in finding a way to protect it. Coffin v. Reichard, 143 F.2d 443, 155 A.L.R. 143.

The conclusion is reached that the application must be denied for the reason that the appellate remedies available to the petitioner in either the state courts or the United State Supreme Court have not been exhausted. People v. Hawk, 321 U.S. 114 at pages 116, 117, 64 S.Ct. 448, at pages 449, 450.

That the writ has in some instances been issued when appellate remedies have not been exhausted has not been overlooked. See Sunal v. Large, etc., 332 U.S. 174, 67 S.Ct. 1588, 91 L.Ed. 1982. Here, however, the petitioner shows no "exceptional circumstances" which would warrant the action of this Court. The petitioner is confined under a judgment of conviction of a state court. The term of his sentence has not expired. The question attempted to be raised involves the laws and legal procedure of the State of New York. The circumstances are not such as would justify the assumption of jurisdiction by this Court.

The application is denied.