■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MATTHEW WALKER, Appellant.— No opinion. Munder, Acting P. J., Martuscello, Gulotta and Benjamin, JJ., concur; Shapiro, J., concurs, with the following memorandum: The judgment of conviction in this case was affirmed by this court (*People* v. *Walker*, 24 A D 2d 1079) and applications for leave to appeal to the Court of Appeals and for a writ of certiorari to the Supreme Court of the United States were both denied. In my opinion, appellant's contention that because the same attorney represented both him and his codefendant there was a conflict of interest which the trial court should have noted and proceeded to remedy is sound (*People* v. *Byrne*, 17 N Y 2d 209; *People* v. *Powell*, 21 A D 2d 789; *People* v. *Sprinkler*, 16 A D 2d 705; *People* v. *Cesare*, 30 A D 2d 868), but in the cited cases the point was raised on a direct appeal from the judgment of conviction. Here, the grievance complained of is contained in an application for a *coram nobis* writ applied for more than four years after appellant's conviction. Except in

unusual circumstances, one of which is raised by appellant's other application for a writ of error *coram nobis* (see my dissenting memorandum in that case [36 A D 2d 959] handed down simultaneously herewith) "*coram nobis* is to be treated as an emergency measure born of necessity to afford a defendant a remedy against injustice when no other avenue of judicial relief is, or ever was, available to him" (*People* v. *Howard,* 12 N Y 2d 65, 66) and may not be successfully employed even if the judgment was obtained "in violation of constitutional right * * * if there was a right to review such rulings on an appeal from the judgment" (*Matter of Hogan* v. *Court of Gen. Sessions of County of N. Y.,* 296 N. Y. 1, 6). I therefore concur in the affirmance solely on the ground that the proper time to raise the issue of conflict of interest which appellant now poses was on his direct appeal from the judgment of conviction (*People* v. *Brown,* 13 N Y 2d 201; *People* v. *De Mino,* 35 A D 2d 979).