FOURTH DEPARTMENT, NOVEMBER, 1978

(November 3, 1978)

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v PHILIP WEIN-FELD, Respondent.—Order unanimously reversed, on the law, and indictment reinstated. Memorandum: As an expert in the field of podiatry, the People's expert was qualified to give testimony as to the time sequence involved in the progress and repetitiveness of ingrown toenails. He eliminated the possibility of their recurrence and presence at such intervals as the defendant's various claims represented, following his own examination of the patients on June 2, 1975. A treatment necessarily requires a condition to be treated and the absence of such a condition, in this case ingrown toenails, established the false and fraudulent character of defendant's representations as made in his claims for treatment. As to the charges of violation of section 175.35 of the Penal Law, the proof before the Grand Jury is sufficient to establish that the defendant, knowing that written instruments executed by him contained false statements, with intent to defraud a political subdivision of the State, presented the instruments to the Department of Social Services with the knowledge and belief that they would become a part of the records of such department (Counts Nos. 2 through 52, even numbers only). The claims for services submitted to the Department of Social Services were demands directed to a county agency for the payment of money representing obligations alleged to be owing defendant by the county, on official forms provided by the county for such purpose, and certified as to the truth and accuracy and as to compliance with statutory fee schedules by defendant. As such they evidenced the legal rights and duties of the parties in that defendant was required to document and certify that he had rendered the services specified and was then entitled to be paid by the county, which in turn placed reliance upon the truthfulness of the certified claims in acting upon and discharging its responsibility and obligation. The claims for services (Form 243-a) were similar in character and served the same function as State vouchers which were held in *People v Bel Air Equip. Corp.* (39 NY2d 48) to be instruments as that term is utilized in section 175.35 of the Penal Law (see, also, *People v Seymour,* 55 AD2d 737). Likewise, applying the same rationale to the counts charging falsifying business records in the first degree (Penal Law, §§ 175.10, 175.05, subd 1), the proof establishes that defendant with intent to defraud made or completed a false entry in the business records of an enterprise, the Department of Social Services (Counts Nos. 1 through 51, odd numbers only) and Blue Shield of Western New York, Inc. (Counts Nos. 57 through 87), and that his intent to defraud included another crime, to wit: larceny. The claims submitted to Social Services and Blue Shield were made on forms provided by them and certified as required by them and evidenced and were

intended to evidence in the records of the party charged with the claim certain legal rights, duties and obligations of the parties. Unlike *People v Bel Air Equip. Corp.* (46 AD2d 773, *supra)* which held that duplicate sets of padded vouchers submitted to the State, maintained by the provider in its own records were not kept for record-keeping purposes or to reflect the corporate defendant's condition or activity, the claims submitted by defendant were kept and were intended to be kept by the parties charged as evidencing the legal rights or obligations of the parties in reliance upon which the claims were paid. The fraudulent character of the transactions being established by sufficient evidence together with payment of the claims charged to the county by defendant, the counts charging petit larceny (Counts Nos. 53 through 56) and attempted petit larceny (Counts Nos. 88 through 91) also were sufficiently supported by the evidence to warrant indictment (CPL 190.65, subd 1; 70.10, subd 1). (Appeal from order of Erie Supreme Court—dismiss indictment.) Present—Marsh, P. J., Simons, Hancock, Jr., Schnepp and Witmer, JJ.