OPINION OF THE COURT

Per Curiam.

Defendant, an employee of the Genesee County Automobile Bureau, having been convicted on seven charges of falsifying business records (Penal Law, § 175.10) and two charges of grand larceny (Penal Law, § 155.30, subd 1), appeals from the Appellate Division’s affirmance. The errors claimed are (1) that she was required by subpoena to appear before the Grand Jury although the prosecutor had been advised that she would refuse to waive immunity and claim privilege, (2) that the records involved were not "business records” within the meaning of the Penal Law, (3) that the testimony of other employees of the office that they did not take funds or alter records was improperly admitted, and (4) that the evidence was insufficient as a matter of law.
It is settled law that no constitutional error is involved in requiring one who is a Grand Jury target to appear before that body and claim privilege (United States v Wong, 431 US 174, 179, n 8; United States v Washington, 431 US 181; see Matter of Cunningham v Nadjari, 39 NY2d 314; Matter of *912 Boikess v Aspland, 24 NY2d 136; People ex rel. Hummel v Davy, 105 App Div 598, 603, affd without reaching the point 184 NY 30). While we agree that the better practice is not to do so (see American Bar Association Standard Relating to the Prosecution Function, Standard 3-3.6[e]), the prosecutor’s having done so furnishes no basis for dismissal of the indictment (see People v Calbud, Inc., 49 NY2d 389).
Subdivision 2 of section 175.00 of the Penal Law defines "business records” as "any writing or article kept or maintained by an entreprise [sic] for the purpose of evidencing or reflecting its condition or activity”. The Genesee Bureau was required to prepare the forms which defendant has been found guilty of falsifying in order to account to the New York State Department of Motor Vehicles for missing or mutilated registration plates or validation stickers and to account for transactions taking place at the Genesee Bureau. At the time defendant prepared the documents they were in the Genesee office. The fact that they were thereafter transferred to the department does not make them any the less writings maintained for the purpose of reflecting the activity of the Genesee Bureau. It is, therefore, unnecessary to consider whether the relationship between the Genesee Bureau and the department makes the documents also business records of the department.
Defendant’s argument that the testimony of other employees of the office was self-serving and irrelevant misconceives the meaning of self-serving in the law of evidence and is refuted as to relevance by defendant’s argument that the evidence to convict her was insufficient partly because there were five other employees of the Genesee Bureau some of whom were involved in some of the transactions recorded on the falsified documents. It was, of course, open to defendant to argue to the jury that the other employees were interested witnesses since they were not likely to admit falsification and larceny if they had in fact engaged in it, but that goes to weight not admissibility. The case against defendant was essentially circumstantial, requiring the exclusion by the People of every reasonable hypothesis of innocence (People v Borrero, 26 NY2d 430, 434-435). It would have been better for the questions to be directed to the particular transactions, rather than to be put, as they were, as general inquiries, but the evidence was relevant and admissible.
With respect to sufficiency of the evidence, it need but be noted that defendant was shown to have been present on each *913 of the days involved, that she regularly arrived at work early, that she took the stand and admitted preparing all of the falsified documents, that some of the validation stickers she certified as missing or mutilated had in fact been issued, that the number of the supposedly missing stickers appeared in her handwriting on some of the vehicle owners’ checks, and that the office cash showed neither shortage nor overage on the days in question. Bearing in mind that in reviewing the factual sufficiency of the evidence to sustain a jury verdict of conviction the evidence is to be read in the light most favorable to the People (People v Benzinger, 36 NY2d 29), we cannot say that the evidence was insufficient to permit the jury to find defendant’s guilt beyond a reasonable doubt.
For the above reasons, the order of the Appellate Division should be affirmed.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in Per Curiam opinion.
Order affirmed.