■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL DELUCA and JOSEPH AGNELLO, Appellants.—Appeals by the defendants from two judgments (one as to each of them) of the Supreme Court, Queens County (Appelman, J.), both rendered August 21, 1990, convicting the defendant Michael DeLuca of falsifying business records in the second degree (two counts), upon a jury verdict, and imposing sentence, and convicting the defendant Joseph Agnello of criminal possession of stolen property in the fifth degree (two counts), criminal possession of stolen property in the fourth degree, and falsifying business records in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgments are affirmed, and the matters are remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (5).

The defendants' convictions arise from an undercover police investigation of several licensed vehicle dismantlers in Queens *(see, People v Agnello,* 178 AD2d 414 [decided herewith]).

The charges of falsifying business records concern the defendants' entries or lack of entries with respect to sales taxes upon various receipts for purchases of automobile parts by undercover officers. On appeal, the defendants claim that the People failed to establish that the receipts constituted "business records", that the court's instructions to the jury as to the definition of the term "business record" were erroneous, and that the evidence was neither legally nor factually sufficient to support their convictions. We disagree.

Penal Law § 175.00 (2) defines a business record as "any writing or article * * * kept or maintained by an enterprise for the purpose of evidencing or reflecting its condition or activity". Inasmuch as a duty is imposed on the defendants by the New York State Tax Law to maintain a true copy of each sales invoice for sales tax purposes (Tax Law § 1135 [a] [1]), and the trial evidence supported the conclusion that the defendants retained carbon copies of the receipts given to customers for record-keeping purposes, we conclude that the receipts constituted business records within the meaning of the statute *(see, People v Davis,* 49 NY2d 910; *People v Weinfeld,* 65 AD2d 911). Moreover, the court's instruction to the jury in this respect was proper *(see,* 2 CJI[NY] PL 175.05).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendants' guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdicts of guilt were not against the weight of the evidence (CPL 470.15 [5]).

We have considered the defendants' remaining contentions and find them to be without merit. Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.