MARGARET BOYLE, Respondent, v. SAMUEL KRAUT et al., Individually and as Copartners Doing Business under the Name of 5TH AVE. PLUMBING SUPPLY COMPANY, et al., Appellants. (Appeal No. 2.) — Action to recover damages for personal injuries. Order denying defendants' motion for a new trial on the ground of newly discovered evidence, unanimously affirmed, without costs. No opinion. Present — Lewis, P. J., Johnston, Adel, Sneed and Wenzel, JJ.

WILLIAM BRELAND, Appellant, v. LONG ISLAND RAILROAD. COMPANY, Respondent.— In an action to recover damages for personal injuries, order setting aside a verdict in favor of plaintiff and against defendant, on the ground that it is against the weight of the evidence, unanimously affirmed, with costs. No opinion. Present — Lewis, P. J., Carswell, Adel, Sneed and Wenzel, JJ.

DAVID DANIELS, Doing Business under the Name of DANIELS & DANIELS, Respondent, v. SAMUEL L. GOLDEN et al., Appellants.— Appeal by a real estate broker to recover the amount of commission allegedly earned by procuring a prospective lessee who was ready, able and willing to enter into a lease upon the terms prescribed by the defendants. The jury rendered a verdict for plaintiff, upon which judgment was entered. Judgment of the County Court, Nassau County, affirmed, with costs. No opinion. Lewis, P. J., Carswell and Sneed, JJ., concur; Adel and Wenzel, JJ., dissent and vote to reverse the judgment and to grant a new trial on the ground that the verdict is against the weight of the evidence.

NATHANIEL FINK, Respondent, v. CHASE NATIONAL BANK et al., as Executors of LUCIUS N. LITTAUER, Deceased, Appellants.— Order denying defendants' motion to dismiss the complaint under subdivision 6 of rule 107 of the Rules of Civil Practice, and section 211 of the Surrogate's Court Act, affirmed, with $10 costs and disbursements, with leave to defendants to answer within ten days from the entry of the order hereon. The action is for services rendered, and the complaint, in one cause of action, alleges that the services were rendered to defendants' testator during his lifetime and continued, at the request of defendants, executors of the estate, after his death. In our opinion, section 211 does not apply to a claim against executors individually, upon their independent contract, and which is not a claim against the deceased. (Surrogate's Ct. Act, § 207.) Nor has it been established, on this motion, that plaintiff made an election that his claim be treated as one against the deceased. Lewis, P. J., Carswell, Johnston, Adel and Wenzel, JJ., concur.

In the Matter of HATTIE C. GOODHART, Respondent, against CITY COURT OF YONKERS, Sitting as a Court of Special Sessions, et al., Respondents, and MAX CITTERMAN, Appellant.— In a proceeding under article 78 of the Civil Practice Act to restrain the Court of Special Sessions of the City Court of Yonkers and Martin J. Fay, Judge of the City Court of Yonkers, sitting as a Magistrate of the said Court of Special Sessions, and the appellant Citterman from taking further proceedings upon the information filed in said court by said appellant against respondent Goodhart, charging the latter with violation of the Building Code of the City of Yonkers, order unanimously affirmed, without costs. No opinion. Present — Carswell, Acting P. J., Johnston, Adel, Sneed and Wenzel, JJ. [190 Misc. 572.] [See post, p. 967.]