**UNITED STATES ex rel. STEELE v. JACKSON.**

No. 15, Docket 20985.

United States Court of Appeals Second Circuit.

Nov. 19, 1948.

Stephen H. Beach, of New York City, for appellant.

Nathaniel L. Goldstein, Atty. Gen., Wendell P. Brown, Sol. Gen., of Albany, N. Y., and Louis Winer, Asst. Atty. Gen., for appellee.

Before L. HAND, AUGUSTUS N. HAND and CLARK, Circuit Judges.

PER CURIAM.

Ever since Lyons v. Goldstein[1] was decided, it has been possible in the courts of New York to obtain the relief here demanded by what is in effect a writ, coram nobis.[2] The relator did apply in the state court for such a writ; and one of the grounds was that the warden of the prison connived at the perjury of those witnesses on whose testimony he was convicted, and indeed that the warden had even suborned them. Justice Hinkley denied this application on October 25, 1946, on two grounds: (1) that the question whether "he was deprived of his constitutional rights" was "answered adversely * * * by the records"; and (2) that "the writ of coram nobis is not available to the relator at this time and upon the grounds alleged." So far as appears, no appeal was ever taken from this order, although a petition for certiorari was filed and denied.[3] It may be that Justice Hinkley was mistaken in supposing that the writ was "not available * * * at this time." The Court of Appeals in Hogan v. The Court of General Sessions, supra,[4] held in effect that it was not available "where the grievance can be redressed by ordinary proceedings at law or in equity or merely to prevent error which may be readily corrected on appeal", 296 N.Y. pp. 8, 9, 68 N.E.2d 852. But if the facts, on which the relator relies to show the subornation of witnesses, came to his knowledge too late to be used by the statutory remedies, the decision was apparently wrong, pro tanto. Even so, his relief was by appeal from the order; and he may not apply to a federal court as a substitute for such an appeal. Moreover, he may not do so, if he did appeal and was unsuccessful; for district courts do not sit to review errors which state courts, high or low, may make in the administration of their own remedies provided those remedies give "due process of law." The possibility that any court in any country may be mistaken is part of the burden of the administration of justice; there must be an end to the hierarchy of appeals.[5]

Besides, it appears that Justice Hinkley did consider the constitutional questions and based his decision on them, at least in part. That also was "due process of law," whether he was right or wrong; certainly, since there was a right of review.

Order affirmed.

---

[1] 290 N.Y. 19, 47 N.E.2d 425.

[2] Morhous v. Supreme Court, 293 N.Y. 131, 56 N.E.2d 79; People v. Gersewitz, 294 N.Y. 163, 61 N.E.2d 427; Hogan v. Supreme Court, 295 N.Y. 92, 65 N.E.2d 181; Hogan v. Court of General Sessions, 296 N.Y. 1, 68 N.E.2d 849.

[3] Steele v. New York, 329 U.S. 796, 67 S.Ct. 481, 91 L.Ed. 681.

[4] 296 N.Y. 1, 68 N.E.2d 849.

[5] § 2254, Title 28 U.S.C.A.