**UNITED STATES ex rel. CARR v. MARTIN.**

**No. 75, Docket 21103.**

United States Court of Appeals
Second Circuit.

Feb. 11, 1949.

James J. Carr, pro se.

Nathaniel L. Goldstein, Atty. Gen., Wendell P. Brown, Solicitor General, of Albany, and Louis Winer, Asst. Atty. Gen., for appellee.

Before L. HAND, Chief Judge, and SWAN and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The relator-appellant has appealed from the denial of his petition of March 29, 1948 for a writ of habeas corpus to secure his release from the Attica State Prison at Attica, New York. He was there serving a sentence imposed by the Court of General Sessions, New York County on May 5, 1925. He had been once paroled and returned to prison and later paroled again on June 13, 1933. While at liberty on his second parole he was tried and convicted in the Court of Quarter Sessions in Philadelphia, Pa., for rape and sentenced to a term of imprisonment in a Pennsylvania prison from which he was released in December 1941. He was on December 13, 1941, returned to New York, because of this violation of his parole, to serve the remainder of his term there.

The appellant has been acting as his own attorney and the record on appeal is somewhat confusing but from what we have been able to gather from it his contentions are, that his Pennsylvania conviction was erroneous (1) because of a variation between the indictment and the proof; (2) the jury was improperly chosen and it does not affirmatively appear that an oath was taken by its members; (3) there was error in the admission of evidence; (4) the judge was biased and charged the jury incorrectly. Also that his return to New York as a parole violator was erroneous in that (1) he was not given a hearing in a Pennsylvania court; (2) that the warrant on which he was taken was issued for another person and (3) that because he left New York under compulsion he could not be returned to that state.

Also that subsequent to his return to New York a warrant was erroneously issued and that his detention under it was beyond the term of his sentence because he was not given credit on his New York sentence for the time he served in a Pennsylvania prison.

It appears, however, that in 1947 his conviction in Pennsylvania was reviewed in the courts of that state upon his application for a writ of error coram nobis and that when relief was denied he took no appeal, though he unsuccessfully applied for leave to appeal as a poor person. Moreover, there is no showing that he took any appeal from his original conviction in Pennsylvania.

On February 11, 1947, he applied for a writ of habeas corpus to the Presiding Justice of the Appellate Division of the New York Supreme Court, Fourth Judicial Department. This was granted and the writ made returnable before the Wyoming County Court where after hearing it was dismissed on March 10, 1947. A notice of appeal was filed but no appeal was perfected. On April 15, 1947, the relator moved for leave to appeal as a poor person and that motion was denied on April 29, 1947 for lack of merit. A similar motion made on September 24, 1947 was also denied. App.Div., 73 N.Y.S.2d 927.

On October 1, 1947 the relator applied to the District Court for the Western District of New York for a writ of habeas corpus which was denied on the ground that he had not exhausted his state remedies. He then moved twice for leave to appeal from the denial of his writ in the state court, each time making an application for leave to appeal as a poor person and each time his motion was denied on the merits.

On January 26, 1948, he applied for certiorari to the Supreme Court of the United States and that application was denied on March 15, 1948. 333 U.S. 858, 68 S.Ct. 727.

All this abortive effort seems to have been made for the purpose of showing that his state remedies were exhausted before he filed his petition for this writ. They do

not, however, show that but the contrary does appear since he failed to appeal both in Pennsylvania and in New York.

The district court had no jurisdiction to sit in review of claimed errors in the state courts. The relator's remedy was by appeal in the state courts, and his application to the court below for a writ of habeas corpus is not a substitute for that remedy. Furthermore, he would have no right to this writ even if he had perfected his state court appeals and had been denied relief after being heard. If "due process of law" was available to him in the state courts, and it clearly was, he was denied no right under the federal constitution. Const. U.S.Amend. 5. United States ex rel. Steele **v.** Jackson, 2 Cir., 171 F.2d 432, Schectman **v.** Foster, 2 Cir., 172 F.2d 339.

Affirmed.