### UNITED STATES ex rel. MARTINE v. MARTIN.

No. 133, Docket 21178.

United States Court of Appeals
Second Circuit.

April 28, 1949.

As Amended on Denial of Rehearing
May 27, 1949.

Philip B. Kurland, of New York City (Richard F. Wolfson, of New York City, of counsel), for petitioner-appellant.

Nathaniel L. Goldstein, of Albany, N. Y. (Wendell P. Brown, of Albany, N. Y. and Louis Winer, of Cedarhurst, N. Y., of counsel), for respondent-appellee.

Miles F. McDonald, of Brooklyn, N. Y. (Aaron Nussbaum, of Brooklyn, N. Y., of counsel), amicus curiae.

Before SWAN, CLARK and FRANK, Circuit Judges.

FRANK, Circuit Judge.

■ As petitioner's counsel concede, the question whether petitioner was, at the time of his 1930 plea, advised of his right to counsel cannot now be relitigated in the federal courts. That issue is foreclosed, so far as this proceeding is concerned, by the decision of the County Court of Kings County, denying, after hearing, petitioner's 1946 application for a writ of error coram nobis.

■ Petitioner here asserts denial of due process of law in that he was not in 1930 able intelligently to waive his right to counsel. The power of the federal courts to entertain the petition is limited by 28 U.S. C.A. § 2254, which provides that the petition shall not be granted "unless it appears that the applicant has exhausted the remedies available in the courts of the State". The question is whether petitioner has met this test. By his application for a writ of error coram nobis in 1946, he exhausted the state remedies then available to him, for at that time the denial of such an application was not an appealable order. Subsequently, in 1947, the state statute was amended to give him a right of appeal, and he applied again for a writ of error coram nobis. This was denied, and although he served a notice of appeal, he failed to prosecute it and the appeal was dismissed. As we interpret 28 U.S.C.A. § 2254, the petitioner must have exhausted the state remedies available to him at the time of filing the petition for habeas corpus. This he failed to do, for he did not pursue his appeal to the highest New York court open to him. United States ex rel. Steele v. Jackson, 2 Cir., 171 F.2d 432, 433. Moreover, as the denial of the petitioner's applications and his failure to prosecute his appeal in 1948 is not res judicata, Bojinoff v. People, 299 N.Y. 145, 85 N.E.2d 909, the New York courts are still open to

him. Under these circumstances, it is distinctly not the function of the federal courts to consider the petitioner's claim that New York has denied him due process of law.[2]

His petition must be dismissed, and we cannot consider the argument on the merits very ably presented by his assigned counsel.

Affirmed.

---

[2] We do not mean to intimate any opinion one way or the other as to whether his state remedy would be "exhausted," even if he could begin again in the state courts, if he once took his claim to the New York Court of Appeals.