## UNITED STATES ex rel. MORRISON v. FOSTER.

### No. 232, Docket 21292.

United States Court of Appeals
Second Circuit.

Argued April 8, 1949.

Decided June 16, 1949.

496

Philip B. Kurland (Richard F. Wolfson, New York City, of counsel), for appellant.

Nathaniel L. Goldstein, Attorney General of the State of New York (Wendell P. Brown, Solicitor General, Albany, and Herman N. Harcourt and William S. Elder, Jr., Assistant Attorneys General, of counsel), for appellee.

Before SWAN, CLARK and FRANK, Circuit Judges.

SWAN, Circuit Judge.

By petition for a writ of habeas corpus the appellant sought release from confinement in the State Prison at Auburn, N. Y., where he is serving a sentence imposed by virtue of his conviction of first degree robbery, first degree grand larceny, and violation of Section 1897 of the New York Penal Law, McK.Consol.Laws, c. 40, carrying and using dangerous weapons, on verdict of a jury in the County Court for the County of Richmond. From the district court's denial of his petition, he has appealed, asserting (1) that he has been denied equal protection of the laws because he was convicted without having been indicted, and (2) that for the same reason the court which convicted him lacked jurisdiction.

His petition sets out the following facts: The indictment under which he was brought to trial was filed on May 28, 1941; it accused James Corbett and three accomplices, each named as John Doe, with committing the crimes on March 21, 1941. Shortly before the indictment was filed Morrison had been arrested and booked under his true name on suspicion of having participated in the robbery, but the arresting officer had no evidence to connect him with the crime and his name was not mentioned in the evidence presented to the grand jury. After the indictment had been filed and while Morrison was still in jail he made admissions to another inmate which revealed that he was one of the four robbers. This inmate told the warden and he in turn imparted the information to the district attorney. In consequence the warrant of arrest under which Morrison was being held was discharged and he was rearrested on a bench warrant issued at the instance of the district attorney. The indictment was then amended to substitute the name of Morrison for that of "John Doe 4." No objection by Morrison or his attorney was made to the granting of the district attorney's motion for the amendment. Thereafter he was arraigned on the indictment and entered his plea denying guilt. The only evidence against him at the trial was the testimony of the jail inmate as to his admissions. His conviction was affirmed on appeal (People v. Morrison, 264 App.Div. 778, 35 N.Y.S.2d 279,) and leave to appeal to the Court of Appeals was denied.

In February 1946 Morrison sought a writ of habeas corpus in a state court on the ground that he was never indicted by the grand jury for the crimes charged in the John Doe indictment. This was denied and the denial was affirmed in People ex rel. Morrison v. Foster, 270 App.Div. 982, 62 N.Y.S.2d 840. An application to appeal as of right to the Court of Appeals was denied by that court because "No constitutional question was directly involved," 296 N.Y. 655, 69 N.E.2d 815. A motion to amend the court's remittitur was denied in 296 N.Y. 748, 70 N.E.2d 553, and a petition for a writ of certiorari was denied. Morrison v. Foster, 330 U.S. 831, 67 S.Ct. 865, 91 L.Ed. 1279.

Thereafter in June 1947 Morrison brought a proceeding coram nobis in the County Court of Richmond County to set aside his conviction and sentence on the ground that the court had no authority to grant the amendment to the indictment. This was denied and a motion for leave to appeal as a poor person was likewise denied, as was also a motion for leave to appeal to the Court of Appeals. Thereafter his appeal to the Appellate Division was dismissed on motion of the district attorney, People v. Morrison, 77 N.Y.S.2d 145 and an attempt to review the order by certiorari was denied in Morrison v. New York, 334 U.S. 834, 68

S.Ct. 1341, 92 L.Ed. 1760. Thereupon the appellant filed the petition now before us on appeal.

■ Section 2254 of Title 28 of the Code, 28 U.S.C.A. § 2254, forbids the granting of an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a state court unless the applicant has first exhausted the remedies available in the courts of the state. This section is declaratory of existing law. As previously declared by the Supreme Court in Ex parte Hawk, 321 U.S. 114, 117, 64 S.Ct. 448, 450, 88 L.Ed. 572, the exhaustion of state remedies ordinarily requires the applicant to exhaust "all appellate remedies in the state courts and in this Court by appeal or writ of certiorari." Although the appellant did not seek certiorari to the Appellate Division's affirmance of his conviction, he did attempt to have the Supreme Court review his later proceedings of habeas corpus and coram nobis in the state courts. This we understand to suffice. "The exhaustion of but one of several available alternatives is all that is necessary," Wade v. Mayo, 334 U.S. 672, 678, 68 S.Ct. 1270, 1273, 92 L.Ed. 1647. But even if state remedies have been exhausted, a federal court will not ordinarily, where a state court has considered and adjudicated the merits of a petitioner's contentions, re-examine upon writ of habeas corpus the questions thus adjudicated, provided that the state has accorded remedies which give "due process of law." Ex parte Hawk, 321 U.S. 114, 118, 64 S.Ct. 448, 88 L.Ed. 572; House v. Mayo, 324 U.S. 42, 48, 65 S. Ct. 517, 89 L.Ed. 739; United States ex rel. Steele v. Jackson, 2 Cir., 171 F.2d 432, 433; Schectman v. Foster, 2 Cir., 172 F.2d 339, 341; United States ex rel. Carr v. Martin, 2 Cir., 172 F.2d 519, 521. Judge Brennan did consider the petition on the merits and concluded that the petitioner had shown no violation of his constitutional rights.

The appellant contends that the writ should have been granted, first, because his trial upon the amended indictment deprived him of the equal protection of the laws, and, second, because he was tried and convicted by a court which lacked jurisdiction. Both points rest on the premise that he was convicted without ever having been indicted by a grand jury, contrary to Article 1, Section 6 of the New York Constitution.[1] He asserts that the constitutional question, though he has raised it each time, has not been mentioned in any opinion rendered in the state court proceedings, and consequently the District Court had jurisdiction to examine the question.

■ Despite the ingenious and able argument of counsel, to whom the court expresses thanks for his gratuitous services, we are satisfied that denial of the petition was correct. The major premise of the appellant's arguement is that the indictment brought in by the grand jury neither named nor described him. This is fallacious. The indictment did not name him but it described him as one of the three unknown accomplices, each named as "John Doe" with a different numeral, who aided Corbett in committing the stated crimes. The procedure of which the appellant complains is the amendment of the indictment, after the District Attorney obtained evidence identifying him as one of Corbett's accomplices, substituting "James Morrison" for "John Doe 4." Such an amendment is authorized "in any stage of the proceedings" by Section 277 of the New York Code of Criminal Procedure. The validity of this procedure under the State Constitution was necessarily sustained by the Appellate Division in affirming the appellant's conviction. See also People v. Bogdanoff, 254 N. Y. 16, 23, 171 N.E. 890, 69 A.L.R. 1378. The fact that Morrison was under arrest on suspicion when the indictment was handed down is irrelevant since his name was not mentioned to the grand jury and the prosecuting authorities at that time had no evidence to connect him with the crimes. Morrison, who was represented by counsel, made no objection to the amendment, or to the amended indictment at any time during

---

[1] Because of Hurtado v. California, 110 U.S. 516, 4 S.Ct. 292, 28 L.Ed. 232, and Adamson v. California, 332 U.S. 46, 67 S.Ct. 1672, 91 L.Ed. 1903, 171 A.L.R. 1223, the appellant does not at the present time urge that failure of indictment by a grand jury was a denial of "due process." See also Kennedy v. Walker, 337 U.S. 901, 69 S.Ct. 1046.

the trial. The right to challenge the sufficiency of an indictment may be lost where the finding of guilt by the trial jury "gives the same or greater assurance against oppression and persecution as an indictment based on sufficient evidence is intended to give before trial has been had." People v. Nitzberg, 289 N.Y. 523, 530, 47 N.E.2d 37, 41. Nor was Morrison denied equal protection of the laws because affirmance of his conviction shows that under like circumstances defendants in other cases would be subject to the same legal rules as were applied in his case.

Order affirmed.