### UNITED STATES ex rel. KALAN v. MARTIN, Warden.

No. 256, Docket 22673.

United States Court of Appeals Second Circuit.

Argued May 15, 1953.

Decided June 23, 1953.

Bert E. Kalan, relator-appellant, per se.

Nathaniel L. Goldstein, Atty. Gen., of New York, for respondent. Wendell P. Brown, Sol. Gen., Albany, Samuel A. Hirshowitz, and Vincent A. Marsicano, Asst. Attys. Gen., of counsel.

Before CHASE, CLARK and FRANK, Circuit Judges.

PER CURIAM.

The relator-appellant was found guilty by a jury of the crime of grand larceny, second degree, in the County Court of Queens County, New York, and was sentenced to a term of from five to ten years imprisonment in the Attica Prison at Attica, New York, which he is presently serving.

The basis of his petition for this writ is his contention that his acquittal on one count of the indictment charging the issuance of a post-dated check prevented his lawful conviction on other counts charging larceny of money obtained in the transaction involving the check; and that he was denied due process because the Appellate Division of the New York Supreme Court, Second Department, after he had filed a notice of appeal from the judgment against him, denied his application for leave to prosecute his appeal without printing the record and his brief, and dismissed his appeal.

Presumably the denial of his application was because the appellant failed to show just cause for granting the special relief he sought. Nothing to the contrary now appearing, the denial but required him to perfect his appeal in the usual manner and he has failed to carry his burden to

prove that he was denied due process of law. Schechtman v. Foster, 2 Cir., 172 F. 2d 339.

 Furthermore, his bare assertion in what is entitled a supplemental memorandum that he was refused permission by the state court to appeal from the dismissal of a subsequent writ of error *coram nobis* "as a poor person" is, for the same reason, insufficient to show any denial of due process and to discharge his burden to prove that he has been deprived of a constitutional right.

 Since he did not by appeal exhaust his state remedies, the denial of his petition for this writ was without error. United States ex rel. White v. Martin, 2 Cir., 197 F.2d 147; United States ex rel. Steele v. Jackson, 2 Cir., 171 F.2d 432.

Order affirmed.