**Matter of CAMP PACKING COMPANY, Inc., Debtor-Appellant,**

**Small Business Administration and First National Bank of Cortland, Appellees.**

**No. 87, Docket 24174.**

United States Court of Appeals Second Circuit.

Argued Dec. 4, 1956.

Decided Dec. 4, 1956.

Laurence Sovik, Syracuse, N. Y. (Smith and Sovik, Syracuse, N. Y., on the brief), for debtor-appellant.

Bernard Burdick, Asst. U. S. Atty., N.D.N.Y., Syracuse, New York (Theodore F. Bowes, U. S. Atty., Syracuse, N. Y.), for appellee Small Business Administration.

Paul J. Yesawich, Jr., Cortland, N. Y. (Lusk, Folmer, Ryan & Fenstermacher, Cortland, N. Y., on the brief), for appellee First Nat. Bank of Cortland.

Before CLARK, Chief Judge, and FRANK and LUMBARD, Circuit Judges.

PER CURIAM.

Order affirmed in open court.

**UNITED STATES of America ex rel. Lawrence DENTICO, Relator-Appellant,**

v.

**UNITED STATES MARSHAL, Southern District of New York, Respondent-Appellee.**

**No. 182, Docket 24388.**

United States Court of Appeals Second Circuit.

Argued Nov. 13, 1956.

Decided Nov. 13, 1956.

Bella V. Dodd, New York City (Dodd, Cardiello & Blair, New York City, on the brief), for relator-appellant.

Kenneth C. Sternberg, Asst. U. S. Atty. E.D.N.Y., Long Island, N. Y. (Leonard P. Moore, U. S. Atty., Brooklyn, N. Y.), for respondent-appellee.

Before CLARK, Chief Judge, and FRANK and HINCKS, Circuit Judges.

PER CURIAM.

Order affirmed in open court.

**UNITED STATES ex rel. Earl JORDAN, Petitioner-Appellant,**

v.

**Walter B. MARTIN, Warden, Attica Prison, Attica, N. Y., Respondent.**

United States Court of Appeals Second Circuit.

Presented Nov. 8, 1956.

Decided Nov. 13, 1956.

Before CLARK, Chief Judge, and HINCKS and LUMBARD, Circuit Judges.

PER CURIAM.

The movant is mistaken when he says in his motion of November 4, 1956 that this court has reversed its former decisions in United States ex rel. Kalan v. Martin, 2 Cir., 205 F.2d 514 and United States ex rel. Rhein v. Foster, 2 Cir., 175 F.2d 772. The group of recent cases in this court, which he mistakenly cites in support of his assertion, are still before this court undecided. If our future decision of those cases, or of any other cases, shall be such as to support the movant's assertion, there will be nothing to prevent him, without need for leave from us or from the court below, to again apply to the court below for a writ of habeas corpus and such an application will be dealt with in accordance with the law as theretofore announced.

Motion denied.