**UNITED STATES ex rel., John KO-ZICKY and John Joseph Klozko, Relators,**

**v.**

**Edward M. FAY, Warden of Green Haven Prison, Stormville, New York, Respondent.**

United States District Court
S. D. New York.
Jan. 30, 1957.

**480**

Louis J. Lefkowitz, Atty. Gen. of New York, for respondent. Lawrence H. Rogovin, Asst. Atty. Gen., of counsel.

John Kozicky, John Joseph Klozko, pro sese.

· SUGARMAN, District Judge. ·

John Kozicky and John Joseph Klozko petition for leave to proceed in forma pauperis and for a writ of habeas corpus to test the legality of their detention by the Warden of Green Haven Prison, Stormville, New York.

Petitioners were sentenced to imprisonment by the County Court, Nassau County, after being convicted of robbery, grand larceny and assault. On or about April 10, 1951, the convictions were affirmed by the Appellate Division of the Supreme Court. No further steps were taken on behalf of the petitioners in the state courts at that time because they had no funds and were unable to pay the legal fee requested by their counsel.

On or about January 9, 1956, the petitioners sought reargument of their appeal in the Appellate Division. This motion was denied and, for want of jurisdiction, the New York Court of Appeals refused leave to appeal from the denial of the motion for reargument.

. Without considering the merits of the petition for a writ of habeas corpus it must at this time be denied because the petitioners have failed to exhaust their state court remedies. At least this would appear to be so by the most recent pronouncement of the Court of Appeals for this circuit.[1]

However, a partially different panel of the same court recently said—"[w]here the only state remedies are inaccessible to a prisoner because of his poverty, his failure to pursue those remedies does not bar him from applying to the federal courts for relief."[2]

The petition is denied. However, that the proper course may be resolved, petitioners are authorized to proceed in forma pauperis[3] and a certificate of probable cause is granted.[4]

*It is so ordered.*

1. United States ex rel. Jordan v. Martin, 2 Cir., 238 F.2d 623; construing United States ex rel. Kalan v. Martin, 205 F.2d 514; United States ex rel. Rheim v. Foster, 175 F.2d 772.

2. United States ex rel. Embree v. Cummings, 2 Cir., 233 F.2d 188, 189.

3. 28 U.S.C.A. § 1915(a).

4. 28 U.S.C.A. § 2253.