**The PEOPLE OF THE STATE OF NEW YORK ex rel. Stephen MILO, Relator,**

v.

**J. Vernal JACKSON, as Warden of Clinton Prison, Respondent.**

**Civ. No. 6481.**

United States District Court
N. D. New York.

Feb. 28, 1957.

Louis J. Lefkowitz, Atty. Gen., State of New York, Manuel T. Murcia, Asst. Atty. Gen., of counsel, for the People.

Frank D. O'Connor, Dist. Atty., Queens County, Long Island City, N. Y., Benjamin J. Jacobson, New York City, Asst. Dist. Atty., of counsel, for respondent.

FOLEY, District Judge.

The petitioner filed a petition for a writ of habeas corpus. I issued an order to show cause pursuant to 28 U.S.C.A. § 2243, because the petitioner raised the question that he was not represented by counsel at the time of his plea of guilty in the State court, and more important the contention that he exhausted his state remedies because the Appellate Division, Second Department, denied him permission to appeal as a poor person. Detailed affidavits have been filed in behalf of the Attorney General and District Attorney in opposition. As in most of the applications to proceed as a poor person, the Appellate Division denied the request by bare formal ruling, without an opinion or any expression that the merits had been considered. However, it has been shown time and time again that the Appellate Courts of New York do review the papers and consider the opposition of the District Attorney or Attorney General in ruling on the requests to proceed as a poor person. I have also said time and time again, and more so recently, that the Courts of New York always have been liberal and care-

ful to allow meritorious appeals by poor persons, and in most instances I am always content to follow their decisions.

This petition, and it is fast becoming the fashion of the day, asserts that his denial of leave to appeal as a poor person excuses the failure to comply with the exhaustion of the state remedy statute, 28 U.S.C.A. § 2254. As many in State custody are now doing, he places his reliance upon the recent authority in the Court of Appeals, Second Circuit, United States ex rel. Embree v. Cummings, 233 F.2d 188. However, the Embree case arose in Connecticut and I do not think it stretches as far as the New York State prisoners want it to go, because New York does allow appeals as a poor person. It is becoming more apparent daily that the New York State prisoners relish this denial to proceed as a poor person because then they attempt to come in the federal district court and insist upon a full-blown hearing of the whole matter. This district court is being asked more and more to sit as a court of review of State cases, and even to meddle in the conduct of the business of the State courts, despite settled law that we should not act in such manner. United States ex rel. Steele v. Jackson, 2 Cir., 171 F.2d 432, 433; Schechtman v. Foster, 2 Cir., 172 F.2d 339, 341; United States ex rel. Carr v. Martin, 2 Cir., 172 F.2d 519, 521. There is difficulty in ascertaining the proper approach to matters of this kind because the Court of Appeals, Second Circuit, in United States ex rel. Jordan v. Martin, 238 F.2d 623, states that it has not yet reversed its position in United States ex rel. Kalan v. Martin, 205 F.2d 514, and United States ex rel. Rheim v. Foster, 175 F.2d 772, on the question of the exhaustion of state remedies where claimed poverty prevented the prosecution of the appeal. Also Judge Hincks, in United States v. Johnson, 2 Cir., 238 F.2d 565, points out that Justice Frankfurter, concurring in Griffin v. People of State of Illinois, 351 U.S. 12, 24, 76 S.Ct. 585, 100 L.Ed. 891, comments that the State may protect itself against frivolous appeals.

All this is not necessary to decision in this case, because we have another splendid example of the attention given to these matters by the Courts of New York. I am informed by Assistant District Attorney Jacobson, who appeared before me on the return of the Order to Show Cause that since the previous denial to appeal as a poor person, upon reconsideration, the motion was granted on February 20, 1957, by the Appellate Division, Second Department, to the extent of disposing with printing and allowing the prosecution of the appeal on the original papers and on a type-written brief.

Therefore, the state appeal is still pending and undetermined. The petitioner is the recipient of the most patient, courteous and humane consideration, as is usually the situation, by the Courts of New York.

The petition is denied and dismissed for obvious failure to show exhaustion of state remedies. The papers herein shall be filed by the Clerk of the Court without the usual requirement for the prepayment of fees, and it is

So Ordered.