**Application of James T. STEVENS, Petitioner, for a Writ of Habeas Corpus to inquire into his detention by John J. McCloskey, Sheriff of New York City.**

United States District Court
S. D. New York.
Aug. 14, 1964.

Molony & Schofield, New City, N. Y., for petitioner, Gerard E. Molony, of counsel.

Frank S. Hogan, Dist. Atty., New York County, Michael R. Stack, Asst. Dist. Atty., of counsel, for respondent.

HERLANDS, District Judge.

On June 26, 1964, the petitioner executed a limited waiver of immunity before the New York County grand jury, in accordance with the provisions of Article I, Section 6 of the New York State Constitution and Section 1123 of the New York City Charter.

On July 15, 1964, he refused to testify before a grand jury, asserting that he wished to withdraw the waiver.

On July 22, 1964, when again subpoenaed before a grand jury, he renewed his request to withdraw the waiver of immunity; and he refused to answer any questions before the grand jury.

On the same day, he was brought before Honorable Charles A. Marks, Justice of the Supreme Court of the State of New York, County of New York, who asked the petitioner the following question:

"Did you during the last five years receive any money from bookmakers or policy operators in order to per-

mit these bookmakers and policy operators to conduct their gambling operations in violation of the Penal Law of the State of New York? Did you?"

The petitioner refused to answer the question on the asserted grounds that his State and Federal constitutional rights privileged him to remain silent.

Petitioner was adjudged guilty of criminal contempt by Mr. Justice Marks on July 30, 1964. He was sentenced to serve a term of thirty days and to pay a fine of $250. Execution of the mandate of order was stayed for five days to permit an application for a stay to the Appellate Division of the Supreme Court for the First Department.

The Honorable Bernard Botein, Presiding Justice of the Appellate Division, denied the application for the stay but granted an order allowing the petitioner to have oral argument of his appeal on September 9, 1964.

The petitioner commenced serving the term on August 5, 1964. This term will expire on September 4, 1964. He is presently confined in the New York Civil Jail.

On August 5, 1964, a writ of habeas corpus was allowed by this Court and made returnable on August 10, 1964, at which time the matter was argued.

This petition for a writ of habeas corpus is hereby denied for three interrelated reasons.

## I.

■ An Article 78 proceeding in the nature of an appeal (N.Y.C.P.L.R. Section 7801 et seq.) is now pending before the Appellate Division of the New York State Supreme Court for the First Department. That proceeding has been set down for argument on September 9, 1964. Therefore, this State remedy has not been exhausted. See, e. g., Shelton v. State of South Carolina, 285 F.2d 540 (4th Cir. 1961); People of State of New York ex rel. Epps v. Nenna, 214 F.Supp. 102 (S.D.N.Y.1963); People of State of New York ex rel. Cuomo v. Fay, 149 F.Supp. 352 (S.D.N.Y.1956); People of

State of New York ex rel. Milo v. Jackson, 148 F.Supp. 757 (S.D.N.Y.1957).

■ This Court considers the petitioner's claim that he has exhausted available State remedies to be of doubtful validity. The doubt is resolved in favor of a procedure that affords the State courts an opportunity to determine the substantive questions of constitutionality raised by the petitioner. See Darr v. Burford, 339 U.S. 200, 204, 70 S.Ct. 587, 94 L.Ed. 761 (1950); United States ex rel. Kling v. LaVallee, 306 F.2d 199, 202 (2d Cir. 1962).

## II.

■ In extraordinary circumstances, the federal court may dispense with rigid compliance with the general requirement that State remedies be exhausted before invoking federal habeas corpus. Frisbie v. Collins, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541 (1952).

This requires an evaluation of the particular facts and circumstances on a case-by-case basis. See Frisbie v. Collins, supra, at 521, 72 S.Ct. 509.

■ There is nothing extraordinary about the present situation. On the contrary, this appears to be a garden variety contempt case, where a municipal employee refuses to answer material questions before a county grand jury after having signed a limited waiver of immunity. The grant or refusal of a stay of execution of a criminal contempt sentence is an ordinary exercise of judicial judgment by the State courts. This is routine litigation.

## III.

A frank and realistic appraisal of the present proceedings clearly indicates that the novel and far-ranging constitutional issues posed by the petitioner would require extensive research and mature deliberation. The practicalities of judicial administration, therefore, pointedly suggest that, by the time such a decision on the substantive constitutional issues were rendered, the same questions could probably be determined by the New York appellate courts.

The United States Supreme Court has repeatedly emphasized the necessity for a circumspect approach in dealing with sensitive matters of federalism, that is, federal-state court jurisdiction. See Darr v. Burford, supra; Fay v. Noia, 372 U.S. 391, 419–420, 83 S.Ct. 822, 9 L. Ed.2d 837 (1963).

Were this Court to rush in and summarily adjudicate issues that will come before the Appellate Division of the State Supreme Court in less than a month, such procedure might take on the undesirable aspect of a judicial race.

These desiderata persuasively indicate that this Court, in the exercise of its discretion, should decline to grant the writ. See United States ex rel. Kennedy v. Tyler, 269 U.S. 13, 46 S.Ct. 1, 70 L.Ed. 138 (1925).

The petition for the writ of habeas corpus is denied. So ordered.*

* Motion for bail pending appeal from this order was denied by Circuit Judge Leonard P. Moore, August 21, 1964.